The STATE of Ohio, Appellant,

v.

MAY, Appellee.

[Cite as *State v. May* (1991), 72 Ohio App.3d 664.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 60052.

Decided Feb. 25, 1991.

*John T. Corrigan,* Prosecuting Attorney, and *L. Christopher Frey,* Assistant Prosecuting Attorney, for appellant.

*Hyman Friedman,* County Public Defender, and *Betty T. Harvey,* Assistant County Public Defender, for appellee.

*Per Curiam.*

Plaintiff-appellant, the state of Ohio, brings this appeal as of right to contest the order of the trial court which granted defendant-appellee Tomayo M. May's application for expungement of his conviction for carrying a concealed weapon. See *State v. Bissantz* (1987), 30 Ohio St.3d 120, 30 OBR 434, 507 N.E.2d 1117, syllabus. For the reasons set forth below, we reverse.

## I

On September 10, 1985 defendant was indicted for one count of carrying a concealed weapon, to wit: a loaded gun, a felony of the third degree. Defendant subsequently entered into a plea agreement with the state and entered a plea of guilty to carrying a concealed weapon, a first-degree misdemeanor. Defendant was subsequently fined and placed on probation for two years.

On April 4, 1990, following the termination of his probation, defendant filed an application for the sealing of the record of his conviction pursuant to R.C. 2953.32. On May 30, 1990, the state filed a brief in opposition to the application which provided, in pertinent part, as follows:

" * * * in Ridgecrest, California, defendant was convicted of Driving Under The Influence for which he was placed on probation (see Probation Department report).

" * * *

"Defendant's request for expungement does not fall within the definition of first offender under Ohio Revised Code Section 2953.31 as above quoted. These convictions did not result or were not connected with the same act and they were not committed at the same time.

"For these reasons, the State of Ohio respectfully requests this Honorable Court to deny defendant's application for expungement."

The state did not append evidence demonstrating defendant's prior conviction to its brief, however, and on June 6, 1990, the trial court ordered the record sealed.

The state subsequently commenced this appeal, and was granted leave to supplement the record on appeal with a certified judgment entry of defendant's prior conviction.

## II

In its sole assignment of error, the state contends that the trial court erred in ordering defendant's record sealed because defendant was not a "first offender."

R.C. 2953.31 provides, in relevant part as follows:

"As used in sections 2953.31 to 2953.36 of the Revised Code:

"(A) 'First offender' means anyone who has been convicted of an offense in this state or any other jurisdiction, and who previously or subsequently has not been convicted of the same or a different offense in this state or any other jurisdiction. * * *

" * * * A conviction for a violation of section 4511.19, 4511.192, 4511.251, 4511.80, 4549.02, 4549.021, 4549.03, 4549.042, or 4549.07, or sections 4549.41 to 4549.46 of the Revised Code, or a conviction for a violation of a municipal ordinance that is substantially similar to any of those sections, shall be considered a previous or subsequent conviction."

R.C. 2953.32 in turn provides, in relevant part, as follows:

"(A)(1) Except as provided in section 2953.61 of the Revised Code, a first offender may apply to the sentencing court if convicted in this state, or to a court of common pleas if convicted in another state or in a federal court, for the sealing of the record of his conviction, at the expiration of three years after his final discharge if convicted of a felony, or at the expiration of one year after his final discharge if convicted of a misdemeanor."

Thus, pursuant to these code provisions, a trial court lacks jurisdiction to order expungement if the applicant was not a first offender. *State v. Thomas* (1979), 64 Ohio App.2d 141, 145, 18 O.O.3d 106, 108, 411 N.E.2d 845, 847–848; *State v. Saltzer* (1985), 20 Ohio App.3d 277, 278, 20 OBR 368, 369, 485 N.E.2d 831, 833. In addition, a conviction for drunk driving bars expungement of the record of conviction for another offense. Cf. *State v. Yackley* (1989), 43 Ohio St.3d 181, 539 N.E.2d 1118, syllabus.

In this case it is undisputed that defendant was previously convicted of an offense which is substantially similar to R.C. 4511.19.

■ Defendant claims, however, that expungement was properly ordered in this instance as the state did not submit a certified copy of defendant's California conviction for driving under the influence. R.C. 2953.32(B) refutes this contention as this code provision indicates that in order to oppose the application for expungement, the prosecutor need only file an objection with the court, prior to the day of hearing, and specify in the objection the reasons which he believes justify denial of the application. Accord *Mayfield Hts. v. Meola* (June 16, 1988), Cuyahoga App. No. 54222, unreported, 1988 WL 86761, in which this court concluded that a trial court properly vacated an order of expungement which was premised upon a "communication" provided by the state, that indicated that the defendant had been convicted of a prior offense. Cf. *State v. York* (Oct. 15, 1987), Cuyahoga App. No. 53806, unreported, 1987 WL 18491 (on appeal by the state, order granting expungement would be affirmed where the record on appeal contains no evidence of prior convictions).

For the foregoing reasons, we hold that the trial court was without jurisdiction to order expungement in this instance, and accordingly, we reverse.

*Judgment reversed.*

DYKE, P.J., FRANCIS E. SWEENEY and JOHN F. CORRIGAN, JJ., concur.