OPINION
Defendant-appellant, David H. Sandlin, appeals from a judgment of the Clermont County Court of Common Pleas denying his application for expungement of a conviction under R.C. 2953.32.
On June 30, 1992, appellant pled guilty to driving under the influence of alcohol ("DUI") in violation of R.C. 4511.19(A)(2), and aggravated vehicular assault in violation of R.C. 2903.09. On August 27, 1997, appellant filed an application to expunge his record pursuant to R.C. 2953.32. On September 4, 1997, the state filed an objection to appellant's application. The state argued that since appellant had been convicted of DUI, he did not qualify as a "first offender" and the trial court lacked jurisdiction to consider his application. On October 6, 1997, the trial court denied appellant's motion finding that he was not eligible for expungement due to his DUI conviction.
In his sole assignment of error, appellant asserts that the trial court erred by finding that he was not eligible for expungement due to his DUI conviction. A trial court lacks jurisdiction to consider an application for expungement if the applicant is not a "first offender." R.C. 2953.32; State v. May (1991), 72 Ohio App.3d 664, 667. R.C. 2953.31 defines a "first offender," in relevant part, as follows:
 (A) "First offender" means anyone who has been convicted of an offense in this state or any other jurisdiction, and who previously or subsequently has not been convicted of the same or a different offense in this state or any other jurisdiction. When two or more convictions result from or are connected with the same act, or result from offenses committed at the same time, they shall be counted as one conviction.
* * *
 A conviction for a violation of section 4511 — 19, * * *, shall be considered a previous or subsequent conviction. (Emphasis added.)
Pursuant to R.C. 2953.31(A), appellant's DUI conviction under R.C. 4511.19 "shall be considered a previous or subsequent conviction." Thus, appellant does not meet the definition of a "first offender" regardless of whether his convictions resulted from or were connected with the same act or were committed at the same time. Accordingly, the trial court lacked jurisdiction to consider appellant's application for expungement. See May at 667; State v. Musson (Dec. 20, 1995), Cuyahoga App. No. 68817, unreported. Appellant's sole assignment of error is overruled.
Judgment affirmed.
KOEHLER and WALSH, JJ., concur.