OPINION
This cause came on to be heard upon the accelerated calender pursuant to App.R. 11.1 and Loc.App.R. 25, the record from the Cuyahoga County Court of Common Pleas, oral argument and the brief of the State of Ohio, plaintiff-appellant (hereinafter "the state"). The state appeals from the judgment of the Cuyahoga County Court of Common Pleas, Criminal Division, Case No. CR-322138, in which the trial court granted the motion for expungement of the attempted aggravated vehicular assault conviction of Danielle Meador, defendant-appellee. The state assigns two errors for this court's review.
The state's appeal is well taken.
On March 18, 1995, at approximately 12:35 a.m., defendant-appellee was operating her vehicle southbound on West 9th Street in Cleveland, Ohio, when she struck and injured Officer Patrick Murphy while he was directing St. Patrick's Day traffic. Officer Murphy suffered a broken nose and other facial injuries as a result of the collision. Defendant-appellee was subsequently arrested and charged with aggravated vehicular assault, in violation of R.C. 2903.08, and driving while intoxicated, in violation of R.C. 4511.19.
On May 1, 1995, defendant-appellee was arraigned whereupon she entered a plea of not guilty to both counts contained within the indictment.
On July 5, 1995, defendant-appellee withdrew her formerly entered plea of not guilty and entered a plea of guilty to the first count of the indictment, which was amended to attempted aggravated vehicular assault, in violation of R.C. 2323.02 and R.C. 2903.08. Defendant-appellee also entered a plea of guilty to the second count of the indictment, driving under the influence, in violation of R.C. 4511.19, as indicted. Both offenses constituted misdemeanors of the first degree.
On July 26, 1995, the trial court sentenced defendant-appellee to county jail for six months on each count and ordered that all time be served concurrently. The trial court then suspended the sentence and placed defendant-appellee on probation for one year.
On August 18, 1997, defendant-appellee filed a motion for expungement pursuant to R.C. 2953.32. The state opposed defendant-appellee's motion on the basis that defendant-appellee was not a first offender in light of the fact that she had a conviction for driving under the influence which precluded expungement. See R.C. 2953.31.
The trial court conducted a hearing on the motion on August 21, 1998. At the conclusion of the hearing, the trial court granted the motion for expungement only as it related to defendant-appellee's conviction for attempted aggravated vehicular assault. The motion was denied as to defendant-appellee's conviction for driving under the influence. The trial court's judgment was journalized on September 15, 1998.
On October 15, 1998, the state filed a timely notice of appeal from the judgment of the trial court.
The state's first assignment of error on appeal states:
 I. THE TRIAL COURT LACKED JURISDICTION TO EXPUNGE APPELLEE'S RECORD WHEN APPELLEE WAS CONVICTED OF AN OFFENSE, A COUNT OF WHICH WAS DRIVING UNDER THE INFLUENCE OF ALCOHOL.
The state maintains that, in this case, defendant-appellee was convicted of attempted aggravated vehicular assault and driving under the influence. Both offenses arose out of the same act and were committed at the same time. It is the state's position that, pursuant to R.C. 2953.32 and R.C. 2953.36, driving under the influence is not an offense subject to expungement. The state argues further that since the two indicted offenses resulted from the same act and occurred at the same time, both crimes constitute one act for the purpose of determining defendant-appellee's status as a first offender pursuant to R.C.2953.31 and R.C. 2953.32. Accordingly, it is the state's contention that the indicted offenses could not be separated for purposes of expungement and the conviction for driving under the influence precluded expungement.
A trial court lacks jurisdiction to consider an application for expungement if the applicant does not qualify as a "first offender." See R.C. 2953.32; State v. May (1991), 72 Ohio App.3d 664,667, 595 N.E.2d 980. R.C. 2953.31 (A) defines "first offender" in pertinent part, as follows:
 (A) "First offender" means anyone who has been convicted of an offense in this state or any other jurisdiction, and who previously or subsequently has not been convicted of the same or a different offense in this state or any jurisdiction. When two or more convictions result from or are connected with the same act, or result from offenses committed at the same time, they shall be counted as one conviction.
 For purposes of, and except as otherwise provided in this division * * * a conviction for a violation of section 4511.19 * * * shall be considered a previous or subsequent conviction.
In State v. Sandlin (May 4, 1998), Clermont App. No. CA97-10-092, unreported, the Twelfth District Appellate Court, in deciding the exact issue raised in the instant appeal, determined:
 Pursuant to R.C. 2953.31 (A), appellant's DUI conviction under R.C. 4511.19 "shall be considered a previous or subsequent conviction." Thus, appellant does not meet the definition of a "first offender" regardless of whether his convictions resulted from or were connected with the same act or were committed at the same time. Accordingly, the trial court lacked jurisdiction to consider appellant's application for expungement. See May at 667, 595 N.E.2d 980; State v. Musson (Dec. 20, 1995), Cuyahoga App. No. 68817, unreported.
This court is mindful of State v. McGinnis (1993), 90 Ohio App.3d 479,629 N.E.2d 1084. The McGinnis court resolved that case by determining that the appellee was a "first offender," but did not address the fact that the appellee is ineligible for expungement regardless of that threshold determination per R.C.2953.31 to R.C. 2953.35.[1]
At the outset, it must be noted that expungement is not a matter of right. A motion to expunge calls upon the court to exercise its discretion. Before any court may proceed, it must first have jurisdiction to do so. A trial court has no jurisdiction to expunge a conviction which is statutorily precluded from consideration. See R.C. 2953.36. A conviction for a violation of R.C. 4511.19 or an ordinance that is substantially similar or a substantially similar conviction from a foreign state cannot be expunged. Such a conviction standing alone or in concert with any other conviction precludes expungement regardless of the time that the "other conviction" occurred. See, also, State v. Malcolm, II (Nov. 12, 1991), Clermont App. No. CA91-06-036, unreported, Twelfth District; State v. Tindle (Dec. 26, 1997), Trumbull App. No. 97-T-0081, unreported, Eleventh District; State v. Bulanda (June 14, 1996). Portage App. No. 95-P-0130, unreported, Eleventh District.
In the case sub judice, a review of the record demonstrates that the trial court did not have jurisdiction to seal the defendant-appellee's record of conviction regarding the offense of attempted aggravated vehicular assault pursuant to R.C.2953.32. Given defendant-appellee's conviction for driving under the influence, which acts as a previous or subsequent conviction for purposes of expungement regardless of whether the subject convictions were connected or occurred at the same time, it is apparent that defendant-appellant does not qualify as a "first offender" under the statute. See Sandlin; R.C. 2953.31 (A). Accordingly, the trial court's order of expungement is hereby reversed as the trial court was lacking jurisdiction to proceed.
The state's first assignment of error is well taken.
The state's second and final assignment of error states:
 II. THE TRIAL COURT FAILED TO TAKE INTO ACCOUNT THE UNDUE HARDSHIP PLACED ON THE STATE BY ITS EXPUNGEMENT RULING IN VIOLATION OF R.C. 2953.32.
The state maintains that the trial court failed to properly weigh the interests of defendant-appellee in having the records sealed against the needs of the government to maintain those records. Specifically, the state argues that the trial court was essentially ordering it to partially expunge a single record. It is the state's position that the hardship involved in separately sealing multiple counts in individual convictions creates an undue burden upon the state and would be contrary to the dictates of the Revised Code.
In light of this court's disposition of the state's first assignment of error, the remaining assigned error is hereby rendered moot pursuant to App.R. 12 (A) (1) (c) and need not be addressed by the court at this time.
Judgment of the trial court is reversed and the trial court is hereby directed to vacate any previous order of expungement and/or any additional order sealing the record of conviction in Case No. CR-322138. The trial court is further directed to notify all appropriate state agencies of this court's decision. Judgment is hereby reversed and remanded with instructions in accordance with this court's opinion.
This cause is reversed and remanded for proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee its costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DIANE KARPINSKI, PRESIDING JUDGE.
KENNETH A. ROCCO, JUDGE.
MICHAEL J. CORRIGAN, JUDGE.
[1] McGinnis-Sandlin was certified to the Supreme Court of Ohio on August 26, 1998.