The issue in this accelerated appeal is whether the trial court may grant an expungement to a defendant who is not a first offender. The appellant State of Ohio argues that appellee Anthony Brown has two prior driving under the influence convictions and is not a first offender. The State assigns the following error for our review:
 THE TRIAL COURT ERRED IN GRANTING THE SEALING OF THE DEFENDANT'S RECORD WHERE THE DEFENDANT WAS INELIGIBLE FOR EXPUNGEMENT AS A FIRST OFFENDER UNDER R.C. 2953.31 (A) DUE TO HER (sic) CONVICTION FOR DRIVING UNDER THE INFLUENCE.
Having reviewed the record and the legal arguments of the State, we reverse and remand the judgment of the trial court. The apposite facts follow.
Appellant Anthony Brown pleaded guilty to petty theft on June 13, 1990. Over the objection of the prosecution, the trial court granted his request to expunge that conviction on October 1, 1998. The State filed this appeal. Appellant Anthony Brown did not challenge this appeal.
The State argues it is undisputed that Anthony Brown has two prior driving under the influence convictions. Consequently, he is not a first offender. We agree. Accordingly, when an offender is not a first offender, under R.C. 2953.31, the trial court is deprived of jurisdiction and the expungement must be vacated.State v. Thomas (1979), 64 Ohio App.2d 141; State v. May (1991),72 Ohio App.3d 664; State v. Saltzer (1985), 20 Ohio App.3d 277.
Judgment of the trial court is reversed and the trial court is hereby directed to vacate any previous order of expungement and/or any additional order sealing the record of conviction in Case No. CR-250702. The trial court is further directed to notify all appropriate state agencies of this court's decision. Judgment is hereby reversed and remanded with instructions in accordance with this court's opinion.
This cause is reversed and remanded.
It is, therefore, considered that said appellant recover of said appellee his costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TERRENCE O'DONNELL, P.J., and MICHAEL J. CORRIGAN, J.,CONCUR.
 ____________________________________ PATRICIA ANN BLACKMON JUDGE
N.B. This entry is an announcement of the court's decision. See App.R. 22 (B), 22 (D) and 26 (A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22 (E) unless a motion for reconsideration with supporting brief, per App.R. 26 (A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22 (E). See, also, S.Ct.Prac.R. II, Section 2 (A) (1).