The court sealed the record of defendant Karen Kirtley's 1994 conviction for attempted drug abuse, a first degree misdemeanor. The state brings this unopposed appeal, arguing the court erred by sealing the record of conviction because defendant is neither a first offender nor did she fully complete the terms of her probation.
R.C. 2953.32 permits the court to seal the record of a first time misdemeanor offender's conviction at the expiration of one year after the offender's final discharge. When considering a motion to seal a record of conviction, the court must (1) determine whether the applicant is a first offender, (2) determine whether criminal proceedings are pending against the applicant, (3) determine whether the applicant has been rehabilitated to the satisfaction of the court, (4) consider the reasons supporting any objections filed by the state, and (5) weigh the interests of the applicant in having the records pertaining to the applicant's conviction sealed against the legitimate needs, if any, of the state to maintain those records. See R.C. 2953.32 (C) (1).
The state objected to defendant's motion to seal the record of her conviction for two reasons — that defendant's conviction for attempted drug abuse had not been her first criminal offense and that defendant had not been finally discharged because she had not paid her entire fine and court costs as required. In its opposition to defendant's motion, the state appended an expungement investigation report prepared by the court probation department. That report indicated defendant had a 1985 conviction for petty theft in which the court suspended a thirty day sentence and imposed a fine of $250. The report also showed that of the $100 fine and court costs ordered for the 1994 conviction, defendant still owed $337.
We have consistently held that the first offender proviso in R.C. 2953.32 is jurisdictional — if the applicant is not a first offender, the court lacks jurisdiction to order expungement. See State v. May (1991), 72 Ohio App.3d 664, 667;State v. Thomas (1979), 64 Ohio App.2d 141, 145; State v. Saltzer
(1985), 20 Ohio App.3d 277, 278.
R.C. 2953.31 (A) defines a "first offender" as:
 anyone who has been convicted of an offense in this state or any other jurisdiction, and who previously or subsequently has not been convicted of the same or a different offense in this state or any other jurisdiction. When two or more convictions result from or are connected with the same act, or result from offenses committed at the same time, they shall be counted as one conviction.
The state's objections to defendant's motion to have the record of her conviction sealed showed defendant was not a first offender because she had a 1985 petty theft conviction. We have considered a prior misdemeanor conviction to be "first offense" under the statute. See State v. Thomas, supra; see also City ofChillicothe v. Herron (1982), 3 Ohio App.3d 468, 469. Moreover, although the state did not submit a certified copy of the 1985 conviction, we have held that R.C. 2953.32 only requires the prosecuting attorney to "file an objection with the court, prior to the day of hearing, and specify in the objection the reasons which he believes justify denial of the application." See Statev. May, 72 Ohio App.3d at 667. The state's objections to defendant's motion to seal the record contained unrebutted evidence of defendant's prior conviction. This left the court without jurisdiction to proceed because it meant that defendant was not a first offender as required by R.C. 2953.32. The assigned error is sustained.
The court is hereby directed to vacate any previous order of expungement and/or any additional order sealing the record of conviction in Case No. CR-306974. The court is further directed to notify all appropriate state agencies of this court's decision.
Judgment is hereby reversed and remanded with instructions in accordance with this court's opinion.
It is ordered that appellant recover of appellee its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA A. BLACKMON, J., ANNE L. KILBANE, J. CONCUR.
 ________________________ PRESIDING JUDGE JOHN T. PATTON