ACCELERATED CASE JOURNAL ENTRY and OPINION
This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the record from the lower court, the briefs and the oral arguments of counsel. The purpose of an accelerated docket is to allow an appellate court to render a brief and conclusory decision. Crawford v. Eastland Shopping Mall Assn. (1983),11 Ohio App.3d 158.
The State of Ohio appeals from the trial court's order that granted an application for expungement of a conviction for grand theft that had been filed by defendant-appellee Jerry C. Garcia. The state contends the trial court lacked jurisdiction to issue the order on the basis that appellee was not a "first offender" as required by R.C. 2953.32(A)(1).
Since the record reflects appellee previously also was convicted of driving under suspension, since R.C. 2953.31(A) specifically includes such a conviction as one that "shall" be considered an additional conviction, and since appellee concedes the state's assignment of error has merit, the state's assignment of error is sustained. State v. Thomas (1979), 64 Ohio App.2d 141; State v. May (1991), 72 Ohio App.3d 664; State v. Meador (May 27, 1999), Cuyahoga App. No. 75389, unreported; State v. Brown (July 15, 1999), Cuyahoga App. No. 75458, unreported.
The trial court's order, therefore, is reversed. This case is remanded to the trial court with instructions to vacate the order of expungement and any additional order sealing appellee's record of conviction. The trial court further is directed to notify all appropriate state agencies of this court's decision.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee its costs herein.
It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 _______________________ KENNETH A. ROCCO, JUDGE:
DIANE KARPINSKI, A.J. and JAMES J. SWEENEY, J. CONCUR.