JOURNAL ENTRY AND OPINION
This appeal is before the Court on the accelerated docket pursuant to App.R. 11.1 and Loc. App.R. 11.1.
Plaintiff-appellant State of Ohio appeals from the trial court's order that granted the defendant-appellee's motion for expungement of his conviction in 1992 for Drug Abuse in violation of R.C. 2925.11 and Possession of Criminal Tools in violation of R.C. 2923.24. The defendant has not filed an answer brief. For the reasons that follow, we reverse the trial court's order.
The sole assignment of error provides as follows:
 I. A TRIAL COURT ERRED IN GRANTING A MOTION TO SEAL THE RECORD OF CONVICTION WHEN IT IS WITHOUT JURISDICTION TO GRANT SAID MOTION TO AN APPLICANT WHO IS NOT A FIRST OFFENDER DUE TO HIS CONVICTION FOR DRIVING UNDER SUSPENSION.
The record reflects the defendant's 1997 conviction in Lyndhurst Municipal Court for violating Moving Violation Ordinance number 335.07. The State argued to the trial court that this ordinance is similar to R.C. 4511.192, Ohio's Driving with Suspended License statute.[1] As such, the State contends that the trial court was without jurisdiction to grant the defendant's application for expungement because he does not meet the statutory definition of a first offender as provided by R.C.2953.31(A) and required by R.C. 2953.32(A) and (C).
While the defendant has not filed an answer brief for this Court's review, he did admit to the trial court that he was driving under suspension three years ago and that he was guilty. Where an individual has a subsequent or previous conviction for driving under suspension, the pertinent statutes require the court to consider it as an additional conviction. See, generally, State v. Thomas (1979), 64 Ohio App.2d 141; State v. May (1991), 72 Ohio App.3d 664; State v. Garcia (June 28, 2001), Cuyahoga App. No. 79067, unreported; State v. Pantages (Feb. 15, 2001) Cuyahoga App. No. 78446, unreported. That additional conviction excludes the defendant from the definition of first offender rendering him ineligible for expungement under Ohio law. Id. Given the statutory prerequisites necessary to qualify for an expungement and the established and binding precedent of this Court, the State's assignment of error has merit and is sustained.
Reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA ANN BLACKMON, P.J., and FRANK D. CELEBREZZE, JR., J., CONCUR.
[1] On appeal, however, the State urges that the ordinance is similar to R.C. 4507.02, which pertains in pertinent part to the prohibition of operating a motor vehicle without a valid license.