DECISION AND JUDGMENT ENTRY
James Levy appeals from a judgment of the Athens County Court of Common Pleas denying his application for expungement. He assigns the following errors:
FIRST ASSIGNMENT OF ERROR
 THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY DENYING APPELLANT'S PETITION FOR EXPUNGEMENT OF RECORD BECAUSE THE COURT FAILED TO CONDUCT AN EVIDENTIARY HEARING.
 SECOND ASSIGNMENT OF ERROR
 THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY DENYING APPELLANT'S PETITION FOR EXPUNGEMENT OF RECORD BECAUSE APPELLANT COMPLIED WITH ALL REQUIREMENTS FOR EXPUNGEMENT UNDER O.R.C. § 2953.31 AND § 2953.32.
For the reasons that follow, we find these errors to be meritless and affirm the judgment of the trial court.
In May, 1984, appellant pled guilty to four counts of aggravated trafficking in drugs. He completed his sentence and subsequently moved to the state of Florida. In March, 2000, appellant filed a petition for expungement under R.C. 2953.32. Accordingly, the trial court ordered an investigation of appellant's background. Upon receiving the investigation report from the Adult Parole Authority, the court issued an entry indicating that it had two concerns with the pending petition: (1) whether the appellant could be classified as a "first offender" and (2) whether appellant had really been rehabilitated since he failed to cooperate with the Adult Parole Authority. The court set the matter for a non-oral hearing and encouraged the parties to "submit additional documentary evidence on or before that date, or to request an oralhearing, as permitted under R.C. 2953.32(B)." (Emphasis supplied.) Neither party submitted additional evidence to the court, nor did either party request an oral hearing. Consequently, the court denied appellant's petition. This appeal followed.
In his first assignment of error, appellant contends that the trial court was required by R.C. 2953.32(B) to hold an evidentiary hearing on the petition. He argues that a "non-oral hearing" was not sufficient under the statute. It is undisputed that the hearing requirement in R.C.2953.32(B) is mandatory and each petition for expungement must be set for hearing. State v. Saltzer (1984), 14 Ohio App.3d 394, 395, 471 N.E.2d 872,873. Assuming without deciding that the hearing referred to in the statute must be oral, we conclude that the appellant invited this purported error when he failed to request an oral hearing as provided for in the trial court's entry. In this instance, the trial court encouraged the parties to submit additional evidence and offered the opportunity to request an oral hearing. Appellant did not submit anything that addressed the court's two concerns and more importantly, he failed to request an oral hearing. Since appellant failed to exercise the opportunity to request an oral hearing, he cannot now claim he was prejudiced by the failure to hold one. We conclude that appellant "invited" this purported error. See Center Ridge Ganley, Inc. v. Stinn (1987), 31 Ohio St.3d 310,313, 511 N.E.2d 106, 109; State v. Williams (1977), 51 Ohio St.2d 112,364 N.E.2d 1364, paragraph one of the syllabus. Therefore, we overrule his first assignment of error.
In his second assignment of error, appellant claims that he has met all the requirements of R.C. 2953.32. Thus, his petition for expungement should be granted. In order for an expungement application to be granted, R.C. 2953.32(C) requires: (1) that the applicant be a first offender; (2) that there is no criminal proceeding against him; (3) that his rehabilitation has been attained to the satisfaction of the court; and (4) that the expungement of the record of his conviction is consistent with the public interest. Expungement should only be granted when an applicant meets all of the requirements set forth in R.C. 2953.32.State v. Sandlin (1999), 86 Ohio St.3d 165, 167, 712 N.E.2d 740, 741;State v. Hamilton (1996), 75 Ohio St.3d 636, 640, 665 N.E.2d 669, 672.
The only contested issue here appears to be whether Levy qualifies as a first offender. If the petitioner is not a first offender, the trial court lacks jurisdiction to order the record sealed. State v. Brasch
(1997), 118 Ohio App.3d 659, 663, 693 N.E.2d 1134, 1136; State v. May
(1991), 72 Ohio App.3d 664, 667, 595 N.E.2d 980, 981. The question of whether one is a "first offender" is a question of law that is subject to an independent review by this court. State v. Derugen (1996),110 Ohio App.3d 408, 410, 674 N.E.2d 719, 720; State v. McGinnis (1993),90 Ohio App.3d 479, 481, 629 N.E.2d 1084, 1085.
R.C. 2953.31(A) defines "first offender" as:
 anyone who has been convicted of an offense in this state or any other jurisdiction and who previously or subsequently has not been convicted of the same or a different offense in this state or any other jurisdiction. When two or more convictions result from or are connected with the same act or result from offenses committed at the same time, they shall be counted as one conviction. Emphasis supplied.)
Appellant would have us find that his convictions arose out of a series of events that occurred within a close time frame and are therefore, "connected" under the statutory definition of "first offender." The State maintains that the convictions were the result of separate incidents of criminal activity committed on different dates. We agree with the State. Appellant was convicted of four counts of aggravated trafficking in drugs for conduct which occurred on January 25th, 1984, February 24th, 1984, March 5th, 1984, and March 6th, 1984. It is difficult to conceive how this series of events could be considered "connected with the same act" since the final incident occurred more than a month after the first one. See State v. Siciliano (Feb. 28, 1990), Hamilton App. No. C-890055, unreported (holding that two convictions for drug trafficking could not be counted as one since the incidents occurred several days apart). Thus, appellant's crimes, although of a like nature, were not a single offense or connected with the same act. The fact that all charges against Levy were disposed of in a single proceeding does not automatically lead to the conclusion that those charges merged into a single offense for expungement purposes. Derugen, supra, 110 Ohio App.3d at 411,674 N.E.2d at 720-721.
After reviewing the record, we conclude that appellant's convictions are for separate crimes, committed at different times. As a result, he is not a "first offender" and therefore, he does not meet the requirements for expungement under R.C. 2953.32. Appellant's second assignment of error is overruled.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Athens County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, J.: Concurs in Judgment Opinion as to Assignment of Error One; Concurs in Judgment Only as to Assignment of Error Two.
Evans, J.: Concurs in Judgment Opinion.