[Cite as *State v. Rogers*, 2013-Ohio-1865.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellant | : | Hon. William B. Hoffman, J. |
| | : | Hon. Sheila G. Farmer, J. |
| -vs- | : | |
| | : | Case No. CT2012-0042 |
| DAVID N. ROGERS | : | |
| | : | |
| | : | |
| Defendant-Appellee | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Muskingum County Court,
                                                          Case No. CRB 0900585


JUDGMENT:                                    REVERSED AND REMANDED


DATE OF JUDGMENT ENTRY:        May 3, 2013


APPEARANCES:

For Appellant:                                      For Appellee:
MICHAEL HADDOX                            DAVID N. ROGERS, *pro se*
MUSKINGUM CO. PROSECUTOR        1321 Cooper Mill Road
MARIA N. KALIS                               Zanesville, OH 43701
27 North 5th Street
Zanesville, OH 43701

*Delaney, P.J.*

{¶1} Appellant State of Ohio appeals from the judgment entry of the Muskingum County Court granting the application of appellee David N. Rogers to seal the record of his conviction.

*FACTS AND PROCEDURAL HISTORY*

{¶2} A statement of the facts underlying appellant's original conviction is unnecessary to our disposition of this appeal, which originated with appellee's pro se "Motion" of May 18, 2012 asking the trial court to "seal the record of conviction from case no 0900585 and CVB09585 namely the charge of weapon while intoxicated ***."

{¶3} Appellant responded with a Memorandum in Opposition on the basis appellant is not a "First Offender" and stating in pertinent part:

> * * * *.
>
> The State would object to the sealing of this conviction for the following reason: it would appear from [appellee's] criminal history that applicant does not qualify as a first offender; convictions are noted for a 1984 OVI conviction from Zanesville Municipal Court and a 1982 OVI conviction from Muskingum County Court. The Court should have a copy of [appellee's] CCH in its file; also, please see attached dockets from Zanesville Municipal Court and a certified copy of the docket from Muskingum County Court.
>
> * * * *.

{¶4} The original Memorandum in Opposition contained in the record does not include any attachments. Nor were we able to find any docket in the record from

Zanesville Municipal Court or Muskingum County Court, nor any other document or exhibit reflecting appellee's alleged past convictions.

{¶5} A hearing was held on June 28, 2012. The record of the hearing is before us, and it consists almost entirely of the trial court explaining the process of expungement to appellee. The trial court noted appellant would have to establish appellee's prior convictions. No exhibits were offered by either party and the trial court gave appellee 10 days to provide additional information.

{¶6} Appellee provided a pro se "Memorandum" dated July 2, 2012 to which is attached a letter from the Clerk of the Zanesville Municipal Court stating the following: "Please be advised that David Rogers came into my office on June 28, 2012 requesting information from a 1984 OVI case in the Zanesville Municipal Court. Those records were destroyed years ago and that information is no longer available."

{¶7} On August 10, 2012 the trial court issued a Judgment Entry granting appellee's application to seal the record of his conviction. Appellant timely appeals from the trial court's Judgment Entry.

{¶8} Appellant raises one Assignment of Error:

{¶9} "I. THE TRIAL COURT ERRED BY GRANTING THE EXPUNGEMENT REQUEST OF DEFENDANT/APPELLEE, DAVID N. ROGERS, AS HE WAS NOT A FIRST TIME OFFENDER AND WAS INELIGIBLE FOR EXPUNGEMENT."

I.

{¶10} Appellant asserts the trial court improperly granted appellee's application to seal the record of his conviction. We agree.

{¶11} The version of R.C. 2953.32 in effect at the time of the court's ruling[1] permits sealing of the record of a "first offender," defined in R.C. 2953.31(A)[2] as "anyone who has been convicted of an offense in this state or any other jurisdiction and who previously or subsequently has not been convicted of the same or a different offense in this state or any other jurisdiction * * * *." Moreover, "* * * a trial court lacks jurisdiction to order expungement if the applicant was not a first offender." *State v. May*, 72 Ohio App.3d 664, 667, 595 N.E.2d 980 (8th Dist.1991); *State v. Coleman*, 117 Ohio App.3d 726, 691 N.E.2d 369 (1st Dist.1997); *State v. McCoy*, 10th Dist. No. 04AP-121, 2004-Ohio-6726, ¶ 11 ["* * *[t]he issue is appropriately considered on appeal, as the first offender requirement of R.C. 2953.32 is jurisdictional."].

{¶12} We have thoroughly reviewed the transcript of the hearing and the entire record of the underlying case, and disagree with the State's characterization that the trial court "acknowledged that [appellee], in fact, was not a first time offender by referencing a prior conviction for OVI." The status of appellee's prior conviction, if it exists, is not evident from the record. Although it would be helpful had appellant submitted certified copies of the convictions(s) upon which its objection and subsequent appeal is based, we recognize, however, that appellant is not required to do so and need only register its objection to appellee's application to seal. It has been held that the state need not submit a certified copy of a defendant's prior convictions which would defeat the defendant's status as a first-time offender. *May*, supra, 72 Ohio App.3d at 667. R.C. 2953.32(B) indicates that to oppose the application for

---

[1] R.C. 2953.32 was amended effective September 28, 2012. The amended statute broadens the class of those who may apply to have their records sealed from "first offenders" to "eligible offenders."

expungement, the prosecutor need only file an objection with the court, prior to the day of hearing, and specify in the objection the reasons which justify denial of the application.

{¶13} The status of the applicant as a first offender is essential to jurisdiction of the trial court, however, and the obligation rests with the court to determine whether defendant is an eligible offender. The trial court did not make such finding in this case. The version of R.C. 2953.32 in effect at the time of the hearing states in pertinent part:

> (A)(1) Except as provided in section 2953.61 of the Revised Code,
> a first offender may apply to the sentencing court if convicted in
> this state* * *for the sealing of the conviction record. Application
> may be made at the expiration of three years after the offender's
> final discharge if convicted of a felony, or at the expiration of one
> year after the offender's final discharge if convicted of a
> misdemeanor.
>
> * * * *.
>
> (B) Upon the filing of an application under this section, the court
> shall set a date for a hearing and shall notify the prosecutor for the
> case of the hearing on the application. The prosecutor may object
> to the granting of the application by filing an objection with the
> court prior to the date set for the hearing. The prosecutor shall
> specify in the objection the reasons for believing a denial of the

---

[2] The former version of R.C. 2953.31, in effect until September 27, 2012.

application is justified. The court shall direct its regular probation officer, a state probation officer, or the department of probation of the county in which the applicant resides to make inquiries and written reports as the court requires concerning the applicant.

(C)(1) The court shall do each of the following:

(a) Determine whether the applicant is a first offender or whether the forfeiture of bail was agreed to by the applicant and the prosecutor in the case. If the applicant applies as a first offender pursuant to division (A)(1) of this section and has two or three convictions that result from the same indictment, information, or complaint, from the same plea of guilty, or from the same official proceeding, and result from related criminal acts that were committed within a three-month period but do not result from the same act or from offenses committed at the same time, in making its determination under this division, the court initially shall determine whether it is not in the public interest for the two or three convictions to be counted as one conviction. If the court determines that it is not in the public interest for the two or three convictions to be counted as one conviction, the court shall determine that the applicant is not a first offender; if the court does not make that determination, the court shall determine that the offender is a first offender.

(b) Determine whether criminal proceedings are pending against the applicant;

(c) If the applicant is a first offender who applies pursuant to division (A)(1) of this section, determine whether the applicant has been rehabilitated to the satisfaction of the court;

(d) If the prosecutor has filed an objection in accordance with division (B) of this section, consider the reasons against granting the application specified by the prosecutor in the objection;

(e) Weigh the interests of the applicant in having the records pertaining to the applicant's conviction sealed against the legitimate needs, if any, of the government to maintain those records.

* * * *.

{¶14} R.C. 2953.32(B) requires the court to direct a probation officer or department to investigate the state's allegations and file a written report with the court. The Ohio Supreme Court has reiterated that "the procedure outlined for an expungement hearing requires the court to direct a probation official 'to make inquiries and written reports' regarding information relevant to its inquiry." *State v. Hamilton*, 75 Ohio St.3d 636, 639, 665 N.E.2d 669 (1996).

{¶15} We note the trial court's judgment entry makes no reference to whether appellee was found to be a first offender. The trial court may not infer jurisdiction, therefore, we find the court lacked jurisdiction to grant the application to seal. The trial court had an obligation to determine the effect of the alleged prior conviction as

required by R.C. 2953.32(B). Because defendant's legal status as a first offender was not properly evaluated by the trial court, the case must be reversed and remanded for determination of the trial court's jurisdiction to grant the application to seal.

{¶16} The judgment of the Muskingum County Court is vacated and the matter is remanded for further proceedings consistent with this Opinion.

By: Delaney, P.J.

And Farmer, J. concur.

Hoffman, J. dissents

HON. PATRICIA A. DELANEY

HON. WILLIAM B. HOFFMAN

HON. SHEILA G. FARMER

PAD:kgb

*Hoffman, J., dissenting*

{¶17} I respectfully, dissent from the majority opinion.

{¶18} Unlike the majority, I find the trial court had jurisdiction to grant the application to seal. I find the trial court's subject matter jurisdiction was properly invoked by Appellee's filing of the application to seal. Upon doing so, the trial court must determine Appellee's eligibility as a first offender. Any error made in that determination is subject to appellate review. While the trial court may have erred in its determination or the procedure in which it arrived at its determination[3], I believe it had jurisdiction to exercise it.

{¶19} I am left with Appellant's allegation in its Memorandum in Opposition, Appellee had two prior disqualifying convictions. Appellee presented evidence of the lack of any record of the 1984 OVI conviction. There is no record evidence Appellee had a 1982 OVI conviction.

{¶20} While the trial court may have granted the application prematurely in the absence of a proper investigation by probation, the record before us fails to reflect any document, exhibit, or testimony regarding a 1982 OVI conviction of Appellant in the Muskingum County Court.

{¶21} Because the record fails to affirmatively demonstrate Appellee was not a first offender, I would affirm the trial court's decision.

———————————————————

HON. WILLIAM B. HOFFMAN

---

[3] While the trial court may have failed to order an investigation through the appropriate probation officer and/or agency, Appellant has not assigned such possible failure as error in this Court.

[Cite as *State v. Rogers*, 2013-Ohio-1865.]

IN THE COURT OF APPEALS FOR MUSKINGUM COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| | : | |
| Plaintiff-Appellant | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| DAVID N. ROGERS | : | |
| | : | |
| | : | Case No. CT2012-0042 |
| Defendant-Appellee | : | |

For the reasons stated in our accompanying Opinion on file, the judgment of the Muskingum County Court is reversed, the judgment is vacated, and the matter is remanded for further proceedings consistent with this Opinion. Costs assessed to appellee.


_____
HON. PATRICIA A. DELANEY


_____
HON. WILLIAM B. HOFFMAN


_____
HON. SHEILA G. FARMER