THE STATE OF OHIO, APPELLEE, *v.* THOMAS, APPELLANT.

(No. 38926—Decided May 31, 1979.)

*Mr. John T. Corrigan,* prosecuting attorney, for appellee.
*Mr. Joel I. Newman,* for appellant.

KRENZLER, P. J. This appeal involves Ohio's relatively new expungement statutes, R. C. 2953.31-.36, with particular emphasis on R. C. 2953.32. R. C. 2953.32 contains the procedure for obtaining the expungement of a conviction, and essentially provides that a first offender may apply for the expungement of the record of his conviction after the passage of either one or three years, depending upon whether the convic-

tion was for a misdemeanor or a felony. The precise issue in this case is whether an applicant's status as a first offender is a jurisdictional requirement to a proceeding for the expungement of a record of conviction.

The facts in the present case are as follows. On December 10, 1969, the defendant-appellant, George Paul Thomas, hereinafter referred to as the appellant, pleaded guilty to malicious destruction of property. He was sentenced to the Ohio State Reformatory on January 21, 1970, and was granted parole on January 5, 1971. On January 20, 1972, appellant was granted a final release from parole and restoration of his rights.

On January 24, 1975, appellant filed an application for expungement of his record of conviction, pursuant to R. C. 2953.32. At the hearing on appellant's application for expungement, the prosecutor stated that he had no objection to the granting of the application for expungement. Appellant's counsel was asked whether the conviction for malicious destruction of property was appellant's first conviction for a felony, and he responded in the affirmative. Counsel for appellant also stated that appellant was a first offender as it related to this crime; that there were no criminal proceedings pending against him at this time; and that he had successfully completed his parole three years prior to the filing of his application for expungement.

On April 23, 1975, the court ordered that appellant's conviction be expunged, having found that: appellant had been convicted of an offense that did not exclude probation; that three or more years had elapsed since appellant's final discharge from such conviction; that no criminal proceedings were pending against him; that his rehabilitation had been attained to the court's satisfaction; and that expungement of the record of his conviction was consistent with the public interest.

On October 25, 1977, the prosecutor filed a motion to vacate the expungement. At the hearing on the motion to vacate, the court noted that it had received a letter from the Chief of Police of Parma, to the effect that appellant was not a first offender, and therefore, that he was ineligible to have his conviction expunged. The court received records from the Lakewood Municipal Court into evidence. Although the exhibits have not been included in the record, it was stipulated that they reflect that, prior to his incarceration in the State

Reformatory, appellant had been convicted of three misdemeanors. Appellant objected to the motion to vacate as being untimely.

On December 9, 1977, the motion to vacate was granted, based on the stipulation that appellant had a prior misdemeanor record.

Appellant filed a timely notice of appeal from the court's order granting the motion to vacate the expungement, and presents one issue for our consideration:

"Whether two and one-half years after entry of a judgment granting expungement, it can be vacated because of a factual error at the time of hearing?"

The appellant concedes that he was not a first offender as defined in R. C. 2953.31, but contends that the filing of a motion to vacate the expungement two and one-half years after an order granting the expungement was untimely.

The appellee, on the other hand, argues that the time element is insignificant as the requirement of status as a "first offender" is akin to a jurisdictional requirement, and that the jurisdiction of the court cannot be invoked under R. C. 2953.32 unless the applicant for expungement is a "first offender."

In order to make a determination on this issue, it is necessary to refer to R. C. 2953.31, which includes the definition of "first offender," and R. C. 2953.32, which sets forth the procedure for obtaining expungement of a record of conviction.

R. C. 2953.31 provides:

"As used in sections 2953.31 to 2953.36 of the Revised Code, 'first offender' means anyone who has once been convicted of an offense in this state or any other jurisdiction. When two or more convictions result from or are connected with the same act, or result from offenses committed at the same time, they shall be counted as one conviction."

R. C. 2953.32 provides:

"(A) A first offender may apply to the sentencing court if convicted in the state or to a court of common pleas if convicted in another jurisdiction for the expungement of the record of his conviction, at the expiration of three years if convicted of a felony, or at the expiration of one year if convicted of a misdemeanor, after his final discharge.

"(B) Upon the filing of such application, the court shall set a date for hearing and shall notify the prosecuting at-

torney of the hearing on the application. The court shall direct its regular probation officer, a state probation officer, or the department of probation of the county where the applicant resides to make inquiries and written reports as the court requires concerning the applicant.

"(C) If the court finds that the applicant is a first offender, that there is no criminal proceeding against him, that his rehabilitation has been attained to the satisfaction of the court, and that the expungement of the record of his conviction is consistent with the public interest, the court shall order all official records pertaining to the case sealed and all index references deleted. The proceedings in the case shall be deemed not to have occurred and the conviction of the person subject thereof shall be expunged, except that upon conviction of a subsequent offense, the sealed record of prior conviction may be considered by the court in determining the sentence or other appropriate disposition, including the relief provided for in sections 2953.31 to 2953.33 of the Revised Code. Upon the filing of an application under this section, the applicant shall, unless he is indigent, pay a fee of fifty dollars. The court shall pay thirty dollars of the fee into the state treasury; and twenty dollars into the county general revenue fund if the expunged conviction was under a state statute, or into the general revenue fund of the municipal corporation involved if the expunged conviction was under a municipal ordinance.

"(D) Inspection of the records included in the order may be made only by any law enforcement officer, prosecuting attorney, city director of law, village solicitor, or their assistants, for purposes of determining whether the nature and character of the offense with which a person is to be charged would be affected by virtue of the persons having previously been convicted of a crime, or upon application by the person who is the subject of the records and only to the persons named in his application. When the nature and character of the offense with which a person is to be charged would be affected by the information, it may be used for the purpose of charging the person with an offense.

"(E) In any criminal proceeding, proof of any otherwise admissible prior conviction may be introduced and proved, notwithstanding the fact that for any such prior conviction an

order of expungement was previously issued pursuant to sections 2953.31 to 2953.36 of the Revised Code."

It is clear to this court, having reviewed R. C. 2953.32, that prior to invoking the jurisdiction of the court under R. C. 2953.32, the applicant must in fact be a "first offender" as defined in R. C. 2953.31. If, at any time subsequent to the granting of the expungement, there is brought to the court's attention evidence demonstrating that appellant's status was not that of a "first offender" at the time of application, then the expungement is void and must be vacated, the court having lacked jurisdiction to grant the expungement in the first place.

Inasmuch as the requirement of "first offender" is jurisdictional, the standard for determining whether an expungement should be vacated on appeal or on a motion to vacate is identical. If the applicant was not a first offender at the time of the application for expungement, or if the other requirements of R. C. 2953.32(A) were not satisfied at the time of application, the court lacked jurisdiction to grant the expungement and vacation of the expungement would be in order.

Appellant's interpretation of the law is not consistent with the purpose of the expungement statute, which is to nullify the record of an individual who has been *once* convicted of an offense. Because expungement is a matter of privilege rather than of right, the requirements of the expungement statute must be adhered to strictly. If it were possible to circumvent the statutory requirements by failing to inform the court of prior convictions, the result would not be in keeping with the purpose of the statute.

Because the evidence demonstrates that appellant was not a "first offender" at the time of his application for and the court's order granting the expungement, we conclude that the court lacked jurisdiction to grant the expungement and, therefore, that the motion to vacate the expungement was properly granted.

*Judgment affirmed.*

STILLMAN and KRUPANSKY, JJ., concur.