JOURNAL ENTRY AND OPINION
Plaintiff-appellant State of Ohio has filed this accelerated appeal, pursuant to App.R. 11.1 and Loc.App.R. 11.1, from the trial court's judgments of expungement of defendant-appellee Wilma Snyder's drug-related convictions. For the following reasons, we reverse the judgments of the trial court and vacate the orders of expungement. Pursuant to App.R. 11.1(E), this court will render a brief and conclusionary decision.
On June 23, 1989, Snyder sold cocaine to an informant; therefrom, in Case No. CR-242529, the grand jury issued a secret indictment charging Snyder with three counts of drug trafficking in violation of R.C. 2925.03. On November 6, 1989, Snyder was arrested under the first indictment. At the time of her arrest, Snyder was in possession of cocaine. The grand jury issued a second indictment, Case No. CR-247439, charging Snyder with one count of drug possession in violation of R.C. 2925.11. As part of a plea agreement, Snyder entered a plea of guilty to one count of trafficking in drugs and one count of possession of drugs.
Approximately ten years after her convictions, Snyder applied to the court of common pleas for an order sealing the record of her convictions under R.C. 2953.32. The trial court conducted a hearing on September 21, 1999, and, thereafter, the court ordered the expungement of Snyder's convictions. On October 20, 1999, the state filed a timely notice of appeal with this court.
 A TRIAL COURT ERRS IN GRANTING A MOTION FOR EXPUNGEMENT OF TWO CRIMINAL CONVICTIONS WHEN THE APPLICANT IS NOT FOR [SIC] FIRST OFFENDER UNDER R.C. 2953.21(A), AS THE TWO CRIMINAL CONVICTIONS NEITHER RESULTED FROM OR ARE CONNECTED WITH THE SAME ACT, NOR RESULTED FROM OFFENSES COMMITTED AT THE SAME TIME.
In its sole assignment of error, the state maintains that the trial court erred in granting Snyder's application to seal the record of her convictions. The state asserts that the trial court lacked jurisdiction to issue the expungement orders because Snyder was not a first time offender.
Revised Code 2953.32(A)(1) allows a first offender to seek to have her felony record sealed by the sentencing court. "[P]rior to invoking the jurisdiction of the court under R.C. 2953.32, the applicant must in fact be a `first offender' as defined in R.C.2953.31." State v. Thomas (1979), 64 Ohio App.2d 141, 145. See also State v. Cartellone (July 23, 1998), Cuyahoga App. No. 73812, unreported.
R.C. 2953.31(A) states:
 (A) "First offender" means anyone who has been convicted of an offense in this state or any other jurisdiction, and who has not been previously or subsequently convicted of the same or a different offense in this state or any other jurisdiction. When two or more convictions result from or are connected with the same act, or result from offenses committed at the same time, they shall be counted as one conviction. (Emphasis added.)
In the instant appeal, Snyder was first indicted for selling cocaine to an informant on June 23, 1989. On November 6, 1989, while being arrested under the first indictment, Snyder was still in possession of the remaining cocaine and, therefore, the grand jury issued a second indictment charging appellant with the possession of drugs. We find that the facts underlying Snyder's two convictions were not connected with the same act and did not result from offenses committed at the same time.
Based upon the foregoing, the trial court lacked jurisdiction to consider Snyder's application to seal the record of her convictions. Accord State v. Bradford (July 9, 1998), Cuyahoga App. No. 73936, unreported (this court reversed and vacated an expungement order because the underlying criminal activity, the theft of a credit card and the forgery of credit card slips the next day, did not constitute "one conviction" under R.C. 2953.31);State v. Musson (Dec. 20, 1995), Cuyahoga App. No. 68817, unreported (the trial court lack jurisdiction to issue an expungement order — two counts of trafficking in marijuana committed 22 days apart did not constitute one conviction for expungement purposes)
The state's assignment of error is sustained. The judgment of the trial court is reversed, and we hereby vacate the judgments of expungement and the orders to seal the record of convictions.
The judgment of the trial court is reversed and ordered vacated.
It is ordered that appellant recover of appellee its costs herein taxed.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JOHN T. PATTON, P.J. and JAMES M. PORTER. J. CONCUR.
 ______________________ LEO M. SPELLACY, JUDGE