ACCELERATED DOCKET JOURNAL ENTRY AND OPINION
Appellant State of Ohio appeals the trial court's decision granting appellee Gregory Marcus' motion for expungement. The State assigns the following errors for our review:
 I. A TRIAL COURT ERRS IN RULING ON A MOTION FOR EXPUNGEMENT FILED PURSUANT TO R.C. 2953.32 WITHOUT FIRST HOLDING A HEARING (R.C. 2953.32(B); STATE V. HAMILTON (1996), 75 OHIO ST.3d 363, STATE V. SALTZER (1984), 14 OHIO APP.3d 394, FOLLOWED [SIC].
 II. A TRIAL COURT ERRS IN GRANTING A MOTION TO SEAL THE RECORD OF CONVICTION WHEN IT IS WITHOUT JURISDICTION TO GRANT SAID MOTION TO AN APPLICANT WHO WAS CONVICTED OF A CRIME OF VIOLENCE, NOT ALLOWED BY R.C. 2953.36.
Having reviewed the record and oral arguments of the parties, we reverse the trial court's decision and vacate the judgment. The apposite facts follow.
On February 5, 1997, a Cuyahoga County grand jury indicted Gregory Marcus for felonious assault of his brother Steven. After a plea negotiation, Marcus pled guilty to aggravated assault. On March 5, 2001, Marcus moved to have his criminal record sealed. On May 3, 2001, the trial court held a hearing on Marcus' motion to seal.
The State of Ohio maintains it did not receive notice of the hearing. This record does not evidence whether the trial court received notice of the hearing or not. The record does show the State of Ohio did not present any opposition to the motion. After the hearing, the trial court granted the motion. The State appeals.
The State of Ohio has raised two assigned errors that reach the core of the trial court's granting of Marcus' motion to seal his aggravated assault record. As for the first error, we presume regularity. A reviewing court presumes regularity when the record is silent on a particular matter.[1] The State of Ohio claims it did not receive notice of the hearing. Yet, no facts exist in this record that cause us to conclude that notice was not given; consequently, we presume the trial court notified all of the parties of the hearing date. Although we overrule the first assigned error, we sustain the second error.
In the second assigned error, the State of Ohio argues the trial court acted without authority to expunge Marcus' record. R.C. 2953.36
specifically sets forth following instances when expungement is not authorized:
 (A) Convictions when the offender is subject to a mandatory prison term;
 (B) Convictions under section 2907.02, 2907.03, 2907.04, 2907.05, 2907.06, 2907.321, [2907.32.1] 2907.322 [2907.32.2], or 2907.323 [2907.32.3], former section 2907.12, or Chapter 4507., 4511., or 4549. of the Revised Code, or a conviction for a violation of a municipal ordinance that is substantially similar to any section contained in any of those chapters;
 (C) Convictions of an offense of violence when the offense is a misdemeanor of the first degree or a felony and when the offense is not a violation of section 2917.03 of the Revised Code and is not a violation of section 2903.13, 2917.01 or 2917.31 of the Revised Code that is a misdemeanor of the first degree;
 (D) Convictions of an offense in circumstances in which the victim of the offense was under eighteen years of age when the offense is a misdemeanor of the first degree or a felony;
 (E) Convictions of a felony of the first or second degree;
 (F) Bail forfeitures in a traffic case as defined in Traffic Rule 2.
Marcus pleaded guilty to aggravated assault, R.C. 2903.12, a crime of violence, which is defined in R.C. 2953.36(C) as a criminal violence when the crime is a felony that is not specifically exempted under that section.
Nevertheless, he argues the State of Ohio waived the right to complain because it failed to appear at the hearing or preserve the error. The State of Ohio, however, argues the trial court is jurisdictionally barred from expunging a crime of violence that is not specifically exempt under R.C. 2953.36.
Jurisdiction over the subject matter is always open and subject to collateral attack. Before a court exercises jurisdiction to expunge a crime, the crime must be eligible for expungement.[2] In Thomas, the applicant was not a first offender. The court held "prior to invoking jurisdiction under R.C. 2953.32, the applicant must, in fact, be a first offender."[3] If at any time after the expungement this fact is brought to the court, the expungement is void and must be vacated.[4] We conclude that this analysis is helpful when the crime the applicant has been convicted of is one that is specifically excluded from expungement such as aggravated assault.
Marcus, however, argues we should not reach the jurisdictional question because something more fundamental is at issue, i.e., the State of Ohio waived its right to complain by not appearing at the hearing or challenging the expungement. We disagree. As pointed out earlier, a jurisdictional concern is always open and subject to collateral attack.[5] We reach this conclusion because a jurisdictional bar voids the expungement. Here, the trial court lacked jurisdiction to expunge a crime of aggravated assault.
Judgment reversed and vacated.
It is, therefore, considered that said appellant recover of said appellee its costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, P.J., and FRANK D. CELEBREZZE, JR., J., CONCUR.
[1] State v. Johnson (1995), 107 Ohio App.3d 723, 669 N.E.2d 483.
[2] State v. Thomas (1979), 64 Ohio App.2d 141.
[3] Id.
[4] Id.
[5] State, ex rel. Handley v. McCall, and State, ex rel. LawrenceDevelopment Co. V. Weir.