The STATE of Ohio

v.

BALSLEY. ▮

▮ 2002-Ohio-2741.]

Hamilton County Municipal Court, Ohio.

No. C–00–TRC–12893 B.

Decided April 19, 2002.

Ryan L. Nelson and Tamara S. Sack, Hamilton County Assistant Prosecuting Attorneys, for plaintiff.

Charles E. Strain, for defendant.

DAVID C. STOCKDALE, Judge.

{¶ 1} Defendant Roger D. Balsley was charged with operating a motor vehicle while intoxicated ("OMVI") in violation of R.C. 4511.19(A)(3) on March 19, 2000, and was convicted of the charge August 8, 2000. He had previously been convicted of OMVI on July 2, 1999, November 7, 1997, August 9, 1991, and September 10, 1985. Having had two OMVI convictions within the six years preceding this offense, he was sentenced pursuant to R.C. 4511.99(A)(3)(a), and was given a five-year driving suspension pursuant to R.C. 4507.16(B)(3). On April 10, 2002, the defendant filed the instant motion to terminate the suspension or, in the alternative, for occupational driving privileges pursuant to R.C. 4507.16(F). The defendant alleges that the suspension is working an extreme hardship on him, making it difficult for him to continue his employment as an outside salesman.

{¶ 2} The minimum license suspension for a third-in-time OMVI offender is one year, R.C. 4507.16(B)(3), and the defendant has already served more than two years. Moreover, it appears that he has made substantial progress in the last two years in dealing with his alcohol problem. Nevertheless, in view of the defendant's extensive history of OMVI and other alcohol-related offenses, the court is unwilling simply to terminate the license suspension. We turn then to the defendant's request for driving privileges.

{¶ 3} R.C. 4507.16(F) provides:

{¶ 4} "(1) A person is not entitled to request, and a judge * * * shall not grant to the person, occupational driving privileges under division (F) of this section if a person's driver's * * * license * * * has been suspended pursuant to division (B) or (C) of this section * * * and the person, within the preceding seven years, has been convicted of or pleaded guilty to three or more violations of * * *:

{¶ 5} "(a) Division (A) or (B) of section 4511.19 of the Revised Code;

{¶ 6} "* * *

{¶ 7} "(2) Any other person who is not described in division (F)(1) of this section and whose driver's * * * license * * * has been suspended under any of those divisions [ (B) or (C) ] may file a petition that alleges that the suspension would seriously affect the person's ability to continue the person's employment. * * * Upon satisfactory proof that there is reasonable cause to believe that the suspension would seriously affect the person's ability to continue the person's employment, the judge of the court * * * may grant the person occupational driving privileges * * * except that the judge * * * shall not grant occupational driving privileges during any of the following periods of time:

{¶ 8}  "* * *

{¶ 9}  "(c) The first one hundred eighty days of suspension imposed upon an offender whose license * * * is suspended pursuant to division (B)(3) of this section * * *. The judge may grant occupational driving privileges * * * on or after the one hundred eighty-first day of the suspension only if division (F) of this section does not prohibit the judge from granting the privileges * * *."

{¶ 10}  The defendant argues that he is not prohibited by subdivision (F)(1) from requesting driving privileges under subdivision (F)(2) because subdivision (F)(1) refers to persons who have had three convictions for OMVI within the seven years preceding the instant offense, whereas he has had only two within that period.  In other words, the defendant contends that subdivision (F)(1) applies only to fourth-time (or more) offenders who have three OMVI convictions within the seven years preceding the instant offense.  In support of his position, the defendant asserts that if the seven-year period is counted backward from the time the request for driving privileges is made so as to include the instant conviction as one of the three disqualifying convictions, it renders subdivision (F)(2)(c) without purpose or effect.  As further support for his position, the defendant points out that the other "look back" provisions, R.C. 4507.16(B)(2), (3), and (4), and R.C. 4511.99(A)(2)(a), (3)(a), and (4)(a)(i), all begin counting backward from the date of the offense.

{¶ 11}  R.C. 4507.16(F)(1) prohibits a person from requesting, or a judge from granting, occupational driving privileges if two conditions exist: first, the person's license has been suspended pursuant to divisions (B) or (C); and second, the person has been convicted of or pleaded guilty to three or more OMVI offenses within the preceding seven years.  The defendant's motion poses the question, "within the seven years preceding what event?"  We answer that question by applying one of the principal rules of statutory construction, that is, that "[w]ords and phrases shall be read in context and construed according to the rules of grammar and common usage."  R.C. 1.42.  The object of the preposition in the phrase "within the preceding seven years" grammatically and logically is the seven years preceding the person's request for, or the judge's grant of, occupational driving privileges.[1]  The object cannot be the instant offense or conviction because there is no mention of either event anywhere in division (F)(1) and the overall structure of R.C. 4507.16 does not admit of such an interpretation.  Nor can the object be the suspension imposed under divisions (B) or (C), for had the legislature intended to refer to the suspension, it would have stated the condition

---

1.  Accord, M. Painter & J. Looker, Ohio Driving Under the Influence Law, Section 19.11, at fn. 56.

in the past-perfect tense ("and the person, within the preceding seven years, *had* been convicted").

{¶ 12}   R.C. 4507.16(F) provides the authority for the court to grant occupational driving privileges to one whose license the court has suspended pursuant to divisions (B) or (C). It does not come into play until the court has convicted the defendant and a license suspension has been imposed. At the time the request for driving privileges is made the defendant has perforce been convicted of that offense and, if he has been convicted of that and two other OMVI offenses within seven years of the time he seeks to request driving privileges, he is barred from making the request. The instant conviction, having occurred within seven years of the defendant's request for privileges, must be counted as one of the three disqualifying convictions.

{¶ 13}   R.C. 4507.16(B)(2), (3), and (4), and R.C. 4511.99(A)(2)(a), (3)(a), and (4)(a)(i) all use the phrase "within six years *of the offense*" (emphasis added). Although R.C. 4507.16 and R.C. 4511.99 must be read in pari materia, the use by R.C. 4507.16(F)(1) of a seven-year retrospective beginning with the date of the request for driving privileges rather than the date of the offense does not create any inconsistencies. R.C. 4507.16(F) serves a purpose different from the provisions which mark time from the offense date. Those provisions are sentencing provisions. R.C. 4507.16(F) is a mitigation provision that permits the court to ameliorate the harshness of those sentencing provisions. It is certainly reasonable for the legislature to determine that under the circumstance described in subdivision (F)(1), mitigation should not be available, and to use a different standard for defining that circumstance from that used in crafting the sentencing provisions. Had the legislature wanted to use the same standard it could easily have used the same words.

{¶ 14}   It is presumptively the legislature's intent that an entire statute be effective. R.C. 1.47(B). The defendant argues that if the seven-year period is counted backward from the date of the request for privileges so that it includes the instant conviction, rather than from the date of the offense so that it effectively applies only to fourth-time offenders, then R.C. 4507.16(F)(2)(c) would be rendered meaningless. Subdivision (F)(2)(c) prohibits the court from granting driving privileges during the first 180 days of a suspension imposed on a third-in-time OMVI offender pursuant to subdivision B(3), but allows privileges thereafter. The defendant contends that no third-in-time offender would ever be permitted under subdivision (F)(1) to apply for privileges during the first year of the suspension if the seven-year period is pegged to the request date. We find, however, that subdivision (F)(2)(c) does become applicable to a third-in-time OMVI offender in a case in which an administrative license suspension was not imposed, or was terminated before trial, and during the first year of the court-

ordered suspension the earlier of the two prior convictions becomes more than seven years old.[2]

■ {¶ 15} In summary, the seven-year period set forth in R.C. 4507.16(F)(1) is the seven-year period ending on the date the request for driving privileges is made, not the seven years ending on the date of the offense or the date of the conviction or suspension. R.C. 4507.16(F)(1) thus prohibits a person from requesting, and prohibits the court from granting to the person, driving privileges during an OMVI court suspension if within that seven-year period the person has had three OMVI convictions. The defendant, who has convictions on August 8, 2000, July 2, 1999, and November 7, 1997, is not entitled to request, nor is the court permitted to grant him, any driving privileges until November 7, 2004, when the earliest of his last three OMVI convictions shall have become seven years old. Consequently, the defendant's motion must be denied for lack of jurisdiction. See *State v. Thomas* (1979), 64 Ohio App.2d 141, 18 O.O.3d 106, 411 N.E.2d 845.

Petition for driving
privileges denied.

---

2. R.C. 4507.16(J) requires a court to credit any time during which an offender is subject to an administrative license suspension ("ALS") to any suspension under division (B). If there is no ALS, the suspension cannot begin to run until the date of conviction. Assume, for example, a defendant who is charged with violating R.C. 4511.19(A)(1) on August 1, 2001, but on whom no ALS is imposed because his blood-alcohol level tested at 0.099 of one gram by weight of alcohol per 210 liters of his breath. He has prior OMVI convictions on August 1, 2000, and August 2, 1995. Assume further that he is convicted of the charge April 1, 2002, and is given a five-year suspension under R.C. 4507.16(B)(3) because of the prior convictions. As of August 3, 2002, four months and three days into his court-ordered suspension, he will not have had three OMVI convictions within the preceding seven years, authorizing him under R.C. 4507.16(F)(2) to request driving privileges. At that point, R.C. 4507.16(F)(2)(c) would come into play prohibiting any privileges during the first 180 days of the suspension but authorizing the court to grant occupational driving privileges with an ignition interlock beginning on the one hundred eighty-first day.