OPINION
{¶ 1} Defendant Bard Huntsman appeals a judgment of the Court of Common Pleas of Stark County, Ohio, which denied his Motion for Expungement.
 STATEMENT OF THE FACTS AND CASE {¶ 2} The record indicates appellant was indicted in 1997 on one count of rape, two counts of sexual battery, one count of sexual imposition, five counts of disseminating matter harmful to juveniles, and one count of corruption of a minor. Appellant was tried and convicted of one count of gross sexual imposition and five counts of disseminating matter harmful to juveniles, but acquitted on the rape, the sexual battery counts, and the corruption of a minor. Appellant appealed his conviction to this court, and we reversed in State v. Huntsman (December 7, 1998), Stark Appellate No. 98CA0012, unreported. Upon remand, appellant and the State of Ohio negotiated a plea agreement whereby the State would dismiss the felony counts against appellant, and appellant would plead no contest to the two misdemeanor cases. The trial court accepted the agreement, and accepted appellant's no contest plea after conducting the dialogue required by Crim.R. 11.
 {¶ 3} At the discussion on the plea, the defense counsel and appellant himself indicated the parties intended to file an appeal.
 {¶ 4} After the court accepted appellant's plea, entered a conviction, and sentenced him, appellant did appeal to this court. Appellant raised three assignments of error attacking the court's rulings on three pre-trial motions made and ruled upon with regard to the original charges, before the plea bargain. However, because the court had not journalized appellant's conviction, this court dismiss the appeal. Appellant then sought to withdraw his plea, urging he did not understand he had not preserved the evidentiary issues for appeal.
 {¶ 5} The trial court overruled the motion. Appellant appealed the trial court's ruling. This Court rejected the appeal finding that the trial court did not abuse its discretion.
 {¶ 6} In April, 2002, Appellant filed a motion to seal the record of his criminal cases. The trial court overruled said motion holding that Appellant was not a first time offender, that he had been convicted of two distinct criminal offenses and that it was not in the public interest for his convictions to be treated as one conviction pursuant to R.C. §2953.32(C) and further that Appellant was not entitled to relief under the current version of R.C. § 2953.36.
 {¶ 7} It is from this decision which Appellant now appeals, assigning the following errors for review:
ASSIGNMENTS OF ERROR
I.
 {¶ 8} "THE TRIAL COURT ABUSED ITS DISCRETION WHEN FINDING THAT THE DEFENDANT IS NOT ENTITLED TO SEALING OF THE RECORD BASED UPON THE STATE'S INDICTMENT THAT DID ESTABLISH A FIRST OFFENDER AS DEFINED BY R.C. 2953.31."
II.
 {¶ 9} "THE TRIAL COURT ERRONEOUSLY OVERRULED THE DEFENDANT'S MOTION FOR EXPUNGEMENT AND SEALING OF THE RECORDS IN CASE NO. 1997-CR-1055 AND
 {¶ 10} CASE NO. 1997-CR-1153."
III.
 {¶ 11} "THE TRIAL COURT ERRONEOUSLY DENIED THE DEFENDANT'S MOTION FOR EXPUNGEMENT AND FOR THE SEALING OF THE RECORD WHEN APPLYING THE CURRENT VERSION OF O.R.C. SECTION 2953.36."
 I., II. {¶ 12} In both Assignment of Error I and Assignment of Error II, Appellant claims that the trial court erred in denying is Motion for Expungement finding that he was not a first time offender pursuant to R.C. § 2953.31. We disagree.
 {¶ 13} The definition of "first offender" is found in R.C. §2953.31, which states in relevant part:
 {¶ 14} "(A) "First offender" means anyone who has been convicted of an offense in this state or any other jurisdiction and who previously or subsequently has not been convicted of the same or a different offense in this state or any other jurisdiction. When two or more convictions result from or are connected with the same act or result from offenses committed at the same time, they shall be counted as one conviction. When two or three convictions result from the same indictment, information, or complaint, from the same plea of guilty, or from the same official proceeding, and result from related criminal acts that were committed within a three-month period but do not result from the same act or from offenses committed at the same time, they shall be counted as one conviction, provided that a court may decide as provided in division (C)(1)(a) of section 2953.32 of the Revised Code that it is not in the public interest for the two or three convictions to be counted as one conviction.
 {¶ 15} Revised Code § 2953.32(C)(1)(a) states:
 {¶ 16} "(C)(1) The court shall do each of the following:(a) Determine whether the applicant is a first offender or whether the forfeiture of bail was agreed to by the applicant and the prosecutor in the case. If the applicant applies as a first offender pursuant to division (A)(1) of this section and has two or three convictions that result from the same indictment, information, or complaint, from the same plea of guilty, or from the same official proceeding, and result from related criminal acts that were committed within a three-month period but do not result from the same act or from offenses committed at the same time, in making its determination under this division, the court initially shall determine whether it is not in the public interest for the two or three convictions to be counted as one conviction. If the court determines that it is not in the public interest for the two or three convictions to be counted as one conviction, the court shall determine that the applicant is not a first offender; if the court does not make that determination, the court shall determine that the offender is a first offender."
 {¶ 17} In the instant case, Appellant entered guilty pleas to and was convicted of two separate offenses involving two separate victims. Appellant therefore does not meet the criteria necessary for "first offender" status. Furthermore, given the nature of appellant's crimes, the trial court decision that treating said crimes as one offense would be against the public interest was not erroneous.
 {¶ 18} Assignments of Error I and II are overruled.
 III. {¶ 19} In Assignment of Error III, Appellant argues that the trial court erred in applying the current version of R.C. § 2953.36
when considering his Motion for Expungement. We disagree.
 {¶ 20} Appellant argues that the trial court should have applied the version of R.C. § 2953.36 in effect at the time of his conviction as opposed to the time of the filing of his Motion for Expungement.
 {¶ 21} Revised Code § 2953.36 was amended under 1999 Senate Bill 13, which became effective in 2000.
 {¶ 22} We have previously addressed this issue in State v. Bottom
(Feb. 29, 1996) Licking App. No. 95-CA-101, unreported and State v.Poole (October 18, 1995), Ashland App. No. 1116, unreported, wherein we held when the motion for expungement is made after the effective date of the statute, the trial court is not retroactively applying the statute. In so holding, this court concurred with the Twelve District Court of Appeals in State v. Heaton (December 26, 1995), Clermont App. No. CA95-04-024, unreported, wherein the court found the application of R.C. § 2953.36 to a pre-statute conviction was not retroactive application regardless of when the motion for expungement was filed:
 {¶ 23} "The expungement statute is a post-conviction relief proceeding which grants a limited number of convicted persons the privilege of having the record of their first conviction sealed, should the court in its discretion so decide. Expungement is a matter of privilege, never of right." See, State v. Thomas (1979), 64 Ohio App.2d 141, 145.
 {¶ 24} Assignment of Error III is overruled.
 {¶ 25} For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed. Costs to appellant.
By Boggins, J, Gwin, P.J., and Farmer, J., concur.