[Cite as *In re Application for the Sealing of the Records of A.H.*, 2016-Ohio-5530.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| In re: | : | |
| | | No. 15AP-555 |
| Application For the Sealing of the | : | (C.P.C. No. 13EP-977) |
| Records of: | | |
| | : | (REGULAR CALENDAR) |
| [A.H.]. | | |
| | : | |

---

D E C I S I O N

Rendered on August 25, 2016

---

**On brief:** *Michael DeWine*, Attorney General, and *Michael P. Walton*, for appellant. **Argued:** *Michael P. Walton*.

---

APPEAL from the Franklin County Court of Common Pleas

BROWN, J.

{¶ 1} This is an appeal by plaintiff-appellant, the State of Ohio, from a judgment of the Franklin County Court of Common Pleas granting an application for the sealing of the records of convictions of defendant-appellee, A.H.

{¶ 2} On September 30, 2006, appellee was charged in Franklin County Municipal Court case No. 2006-CRB-025457 with one count of receiving stolen property, in violation of R.C. 2913.51, a misdemeanor of the first degree; the conduct giving rise to the charge was alleged to have occurred on that same date. On November 28, 2006, appellee entered a guilty plea to disorderly conduct, a fourth-degree misdemeanor, and the trial court sentenced her the same day.

{¶ 3} On January 18, 2007, appellee was indicted in Franklin County Common Pleas case No. 07CR-495 on one count of receiving stolen property, a felony of the fourth degree. The indictment alleged conduct occurring on January 10, 2007, and listed the victim as S.W. On June 5, 2007, appellee entered a guilty plea before Judge Patrick E.

Sheeran to the charge of receiving stolen property. The trial court sentenced appellee by judgment entry filed August 13, 2007.

{¶ 4} On January 29, 2007, appellee was indicted in Franklin County Common Pleas case No. 07CR-771 on two counts of receiving stolen property, in violation of R.C. 2913.51, felonies of the fourth and fifth degree. The indictment, which also charged a co-defendant (Cornell Sharp), alleged conduct occurring on January 19, 2007, involving two victims, D.F. and J.G. On June 4, 2007, appellee entered a guilty plea before Judge Steven L. McIntosh to the stipulated lesser-included offense of Count 2, receiving stolen property, a misdemeanor of the first degree. The trial court sentenced appellee by judgment entry filed June 6, 2007.

{¶ 5} On February 2, 2007, appellee was indicted in Franklin County Common Pleas case No. 07CR-913 on two counts of receiving stolen property, in violation of R.C. 2923.51, felonies of the fifth degree. The indictment alleged conduct occurring on January 10, 2007, and listed the victims as H.R. and K.B. Appellee subsequently entered a guilty plea before Judge Sheeran to two counts of the stipulated lesser-included offense of receiving stolen property, both counts being misdemeanors of the first degree. The trial court sentenced appellee by judgment entry filed August 13, 2007.

{¶ 6} On December 27, 2013, appellee filed an application, pursuant to R.C. 2953.32, for an order to seal the record of convictions in case Nos. 07CR-495, 07CR-771, and 07CR-913. On March 26, 2014, the state filed an objection to the sealing of appellee's record of convictions. The matter came for hearing before the trial court on April 17, 2014, and the court conducted a second hearing on April 30, 2015. By entry filed May 5, 2015, the trial court granted appellee's application to seal the records of conviction in case Nos. 07CR-495, 07CR-771, and 07CR-913.

{¶ 7} On appeal, the state sets forth the following assignment of error for this court's review:

> THE TRIAL COURT LACKED JURISDICTION TO SEAL
> THE RECORD OF CONVICTIONS, AS DEFENDANT WAS
> NOT AN "ELIGIBLE OFFENDER."

{¶ 8} Under its single assignment of error, the state argues the trial court lacked jurisdiction to seal the record of convictions because appellee was not an "eligible offender" for expungement. The state argues that appellee's application to seal the

records of conviction in case Nos. 07CR-495, 07CR-771, and 07CR-913 failed for two reasons: (1) appellee had multiple misdemeanor convictions "of the same offense" for purposes of R.C. 2953.31(A), and (2) appellee's conviction in case No. 07CR-771 cannot merge with the other convictions.

{¶ 9} This court has previously noted that "[a]n appellate court generally reviews a trial court's disposition of an application for an order sealing the record of conviction under an abuse of discretion standard." *State v. Black,* 10th Dist. No. 14AP-338, 2014-Ohio-4827, ¶ 6. However, with respect to questions of law, "an appellate court reviews the trial court's determination de novo." *Id.* Thus, "whether an applicant is considered an eligible offender is an issue of law for a reviewing court to consider de novo." *State v. Weiss,* 10th Dist. No. 14AP-957, 2015-Ohio-3015, ¶ 5.

{¶ 10} In general, " 'expungement is an act of grace created by the state.' " *State ex rel. Cincinnati Enquirer v. Lyons,* 140 Ohio St.3d 7, 2014-Ohio-2354, ¶ 15, quoting *State v. Hamilton,* 75 Ohio St.3d 636, 639 (1996). Accordingly, "the sealing of a criminal record is a ' " 'privilege, not a right' " ' and should only be granted when all statutory requirements are met." *Lyons* at ¶ 15, quoting *State v. Boykin,* 138 Ohio St.3d 97, 2013-Ohio-4582, ¶ 11, quoting *State v. Futrall,* 123 Ohio St.3d 498, 2009-Ohio-5590, ¶ 6.

{¶ 11} Under Ohio law, "[t]wo different statutes relate to sealing of court documents—R.C. 2953.32, for sealing of records after conviction, and R.C. 2953.52, for sealing after disposition other than conviction." *Lyons* at ¶ 16. At issue in the instant case are the provisions of R.C. 2953.32 relating to the sealing of records after conviction.

{¶ 12} Pursuant to R.C. 2953.32(A)(1), an "eligible offender" may file an application to seal a record of conviction. In considering whether an applicant is an eligible offender, a court "must determine whether his or her criminal record reflects a permissible number of convictions, that the conviction(s) sought to be sealed is/are currently eligible to be sealed (based on the time elapsed since the time of final discharge and the nature of the conviction), and that no criminal proceedings are then currently pending against the applicant." *State v. Black,* 10th Dist. No. 15AP-539, 2015-Ohio-4256, ¶ 6.

{¶ 13} At the time of appellee's application, former R.C. 2953.31 defined the term "eligible offender" as follows:

(A) "Eligible offender" means anyone who has been convicted of an offense in this state or any other jurisdiction and who has not more than one felony conviction, not more than two misdemeanor convictions if the convictions are not of the same offense, or not more than one felony conviction and one misdemeanor conviction.[1]

{¶ 14} Ohio courts have interpreted the above language to hold that "the statute limits the definition of eligible offender to those that have been convicted of either a felony and a misdemeanor or two misdemeanors provided that they were not for 'the same offense.' " *Bedford v. Bradberry,* 8th Dist. No. 100285, 2014-Ohio-2058, ¶ 13. Similarly, this court has held that "[t]he plain meaning of the phrase 'not more than two misdemeanor convictions if the convictions are not of the same offense' means that an applicant is an eligible offender if they have two misdemeanor convictions, provided that the two misdemeanor convictions are not of the same offense." *Weiss* at ¶ 14. The court in *Bradberry* observed that the statutory language of former R.C. 2953.31(A), "as written evidences the General Assembly's intent to exclude offenders who have a propensity of committing the same offense." *Id.*

{¶ 15} In the present case, the state notes that each of the convictions for which appellee applied to have the record sealed were for receiving stolen property and that in case Nos. 07CR-771 and 07CR-913, appellee was convicted for receiving stolen property as a misdemeanor. The state argues that, because appellee had at least two misdemeanor convictions for the same offense, the trial court lacked jurisdiction to grant the application. The state acknowledges that its objection before the trial court did not raise this particular argument, but asserts that jurisdictional arguments under R.C. 2953.32 can be raised at any time.

{¶ 16} The state further contends there was an additional jurisdictional problem with appellee's application which it did raise in its objection before the trial court. Specifically, the state maintains appellee's conviction in case No. 07CR-771 could not,

[1] Subsequent to appellee's filing of the application in the instant case, the General Assembly amended R.C. 2953.31, removing the phrase "if the convictions are not of the same offense." *See Weiss* at fn. 1. The Supreme Court of Ohio, however, has held that "the statutory law in effect at the time of the filing of an R.C. 2953.32 application to seal a record of conviction is controlling." *State v. LaSalle,* 96 Ohio St.3d 178, 2002-Ohio-4009, ¶ 19.

under the applicable statutory provisions, merge with the convictions in case Nos. 07CR-495 and 07CR-913.

{¶ 17} The state acknowledges that R.C. 2953.31 contains exceptions whereby multiple convictions can be counted as one conviction. This court has recognized, in considering the provisions of R.C. 2953.31, that "a court may, if certain circumstances are satisfied, consider two or three convictions as one." *State v. Sanders,* 10th Dist. No. 14AP-916, 2015-Ohio-2050, ¶ 7. In this respect, R.C. 2953.31(A) states in part:

> When two or more convictions result from or are connected with the same act or result from offenses committed at the same time, they shall be counted as one conviction. When two or three convictions result from the same indictment, information, or complaint, from the same plea of guilty, or from the same official proceeding, and result from related criminal acts that were committed within a three-month period but do not result from the same act or from offenses committed at the same time, they shall be counted as one conviction, provided that a court may decide as provided in division (C)(1)(a) of section 2953.32 of the Revised Code that it is not in the public interest for the two or three convictions to be counted as one conviction.

{¶ 18} The state argues the indictments in the instant case indicate the convictions at issue did not result from the same act, nor were the offenses committed at the same time; further, the state maintains, while the acts were separated by nine days, there were separate acts and separate victims in each of the three cases, and the charged crimes were not all part of the same indictment. The state thus argues that the remaining issue is whether all three cases were part of the "same official proceeding."

{¶ 19} The state does not dispute that the trial court had discretion to merge appellee's convictions in case Nos. 07CR-495 and 07CR-913, as the sentencing entries indicate appellee was sentenced on the same day and by the same judge (Judge Sheeran) in both of those cases. The state notes, however, that appellee was sentenced by a different judge (Judge McIntosh) on a different day in case No. 07CR-771, and the state thus argues the conviction in case No. 07CR-771 did not result from the "same official proceeding" as the other two cases.

{¶ 20} Pursuant to R.C. 2921.01(D), the term "[o]fficial proceeding" is defined in part to mean "any proceeding before a * * * judicial * * * official authorized to take

evidence under oath."   Several Ohio courts, including this court, have had occasion to consider whether convictions resulted from the "same official proceeding" for purposes of R.C. 2953.31.  In *State v. Tauch,* 10th Dist. No. 13AP-327, 2013-Ohio-5796, ¶ 12, this court held that, where the evidence indicated a defendant "entered her guilty pleas on the same day and to the same judge," such convictions "resulted from the same official proceeding." In so holding, this court observed that, "[b]ecause the same trial judge accepted Tauch's guilty plea in all three cases on the same day, there is a greater indication that the pleas were made at the same hearing." *Id.* at ¶ 14.  *See also Sanders* at ¶ 8 (following *Tauch* in holding that the trial court was correct to count defendant's two convictions as a single misdemeanor where "they were resolved before the same court, the same judge, on the same day, in what was apparently the same hearing").   In *State v. Kelly,* 12th Dist. No. CA2002-04-041, 2002-Ohio-5887, ¶ 14, the reviewing court held that where two convictions were "the result of separate cases proceeding with separate case numbers, independent complaints, different and distinct trials and with no connection other than having sentence imposed on the same day, such does not constitute the 'same official proceeding' for purposes of R.C. 2953.31(A)."

{¶ 21} At the hearing on the application in the instant case, the trial court noted that because appellee "was sentenced by another judge, then she is, strictly speaking, not eligible for * * * expungement."  (Apr. 30, 2015 Tr. at 7.)  The trial court also recognized, in an apparent reference to this court's decision in *Tauch*, that "our court of appeals has said that they have to be handled at the same sentencing hearing, and it's clear in this case that that did not happen."  (Apr. 30, 2015 Tr. at 6.)   The court believed, however, that "it should have happened," and ultimately decided to grant the application.  (Apr. 30, 2015 Tr. at 6.)

{¶ 22} Upon review, the record supports the state's contention that appellee was sentenced in case No. 07CR-771 before a different judge (and on a different day) than the judge who imposed sentences in the other two cases, and we agree with the state that the trial court's imposition of conviction and sentence on the plea in case No. 07CR-771 did not result from the "same official proceeding" as case Nos. 07CR-495 and 07CR-913. Accordingly, we also agree with the state that the three convictions which were the subject of the application to seal do not, contrary to the determination of the trial court, count as one conviction for purposes of expungement; rather, appellee had at least two convictions

resulting from the three cases at issue. Further, because of the presence of the 2006 misdemeanor conviction for disorderly conduct, appellee did not qualify as an eligible offender as she had more than one felony and one misdemeanor conviction. *See Sanders* at ¶ 9 (noting that, pursuant to R.C. 2953.31(A), an applicant is eligible for expungement if he or she has "just one felony, or just two misdemeanors, or one felony and one misdemeanor").

{¶ 23} Finally, while we are sympathetic to the trial court's observation that, but for a technicality, "these cases all would have been in front of me" (i.e., part of the same official proceeding), we agree with the state that an additional jurisdictional impediment exists with respect to appellee's application under the facts of this case. (Apr. 30, 2015 Tr. at 25.) Specifically, the record supports the state's argument that appellee's multiple misdemeanor convictions for the same offense (receiving stolen property) also precluded the sealing of records under former R.C. 2953.31. *See Bradberry* at ¶ 9 ("The plain and ordinary meaning of [R.C. 2953.31(A)] excludes persons that have two misdemeanor convictions of the same offense.").

{¶ 24} If an applicant does not qualify as an eligible offender, a trial court lacks jurisdiction to grant the application. *State v. Dominy,* 10th Dist. No. 13AP-124, 2013-Ohio-3744, ¶ 6. Based on this court's de novo review, appellee was not an eligible offender under the provisions of R.C. 2953.31 and 2953.32. Accordingly, we sustain the state's assignment of error and remand this matter to the trial court to enter judgment denying the application.

{¶ 25} Based on the foregoing, the state's single assignment of error is sustained, the judgment of the Franklin County Court of Common Pleas is reversed, and this matter is remanded to that court for further proceedings in accordance with law, consistent with this decision.

*Judgment reversed;*
*cause remanded with instructions.*

SADLER J., concurs.
HORTON, J., dissents.

HORTON, J., dissenting.

{¶ 26} I respectfully dissent. The state's appeal relies on an exception to the waiver rule, which typically "requires that a party make a contemporaneous objection to alleged trial error in order to preserve that error for appellate review." *State v. Murphy*, 91 Ohio St.3d 516, 532 (2001). The state failed to object when the trial court granted A.H.'s motion. (Apr. 30, 3015 Tr. at 26-27.) Judge Sheeran gave the assistant prosecutor two opportunities to object, asking him if he had "any additional statements or what have you, arguments, legal arguments, or anything else that you would like to indicate," or "anything you want to present." (Apr. 30, 2015 Tr. at 24-25.) The answer on both occasions was "[n]o." (Apr. 30, 2015 Tr. at 25.)

{¶ 27} In spite of this apparent acquiescence to the trial court's ruling, the state argues that it has not waived its right to appeal because a trial court lacks jurisdiction to seal the records of a person who is not an "eligible offender" under R.C. 2953.31(A), and a challenge to jurisdiction is non-waivable. (Appellant's Brief at 9-10, 12.) Admittedly, this proposition finds support in our precedent. *See, e.g.*, *State v. Dominy*, 10th Dist. No. 13AP-124, 2013-Ohio-3744, ¶ 6. However, refinements in the analysis of jurisdiction by the Supreme Court of Ohio that this and other appellate courts have applied to expungement appeals have eroded the foundation for this exception to the waiver rule. Because I believe there is no sound basis for continuing to apply this exception, I would hold that the state waived its right to appeal and affirm the judgment of the trial court.

{¶ 28} The origin of the exception is *State v. Thomas*, 64 Ohio App.2d 141 (8th Dist. 1979). In *Thomas*, the Eighth District faced the task of interpreting "Ohio's relatively new expungement statutes" when a defendant appealed the trial court's decision to vacate a previous order sealing his conviction record. *Id.* at 141. The trial court had initially granted the defendant's application for expungement under R.C. 2953.32, finding that the defendant's single felony conviction qualified him as a "first offender" under the definition in R.C. 2953.31(A).[2] *Id.* at 142. Two and one-half years later, after evidence came to light that the defendant had previously been convicted of three misdemeanors, the prosecutor

---

[2] In 2012, the General Assembly amended R.C. 2953.31(A) and changed the term "first offender" to "eligible offender." 2011 S.B.No. 337.

filed a motion to vacate the expungement order. *Id.* The trial court granted the motion and the Eighth District affirmed, reasoning as follows:

> It is clear to this court, having reviewed R.C. 2953.32, that prior to invoking the jurisdiction of the court under R.C. 2953.32, the applicant must in fact be a "first offender" as defined in R.C. 2953.31. If, at any time subsequent to the granting of the expungement, there is brought to the court's attention evidence demonstrating that appellant's status was not that of a "first offender" at the time of application, then the expungement is void and must be vacated, the court having lacked jurisdiction to grant the expungement in the first place.
>
> Inasmuch as the requirement of "first offender" is jurisdictional, the standard for determining whether an expungement should be vacated on appeal or on a motion to vacate is identical. If the applicant was not a first offender at the time of the application for expungement, or if the other requirements of R.C. 2953.32(A) were not satisfied at the time of application, the court lacked jurisdiction to grant the expungement and vacation of the expungement would be in order.

*Id.* at 145.

{¶ 29} This court, as well as others, adopted the Eighth District's analysis in *Thomas. See, e.g., State v. Winship*, 10th Dist. No. 04AP-384, 2004-Ohio-6360, ¶ 9 (citing/applying *Thomas*); *Mayfield Heights v. N.K.*, 8th Dist. No. 93166, 2010-Ohio-909, ¶ 12 (noting that " 'the *Thomas* rule' has consistently been followed by this court, as well as several other districts, for 30 years").

{¶ 30} Several subsequent Supreme Court of Ohio opinions analyzed jurisdiction in detail and clarified that it is only a lack of subject-matter jurisdiction that renders a judgment void. *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, ¶ 12; *In re J.J.*, 111 Ohio St.3d 205, 2006-Ohio-5484, ¶ 10. In *Pratts*, a habeas corpus petitioner argued that the trial court had lacked jurisdiction to accept his guilty plea because it had not convened the three-judge panel that R.C. 2945.06 requires when a defendant charged in a capital case wishes to waive the right to a jury trial. *Id.* at ¶ 2-4. The Supreme Court explained that, although "jurisdiction" in a general sense "means 'the courts' statutory or constitutional power to adjudicate [a] case," it also has several more specific meanings. *Id.* at ¶ 11, quoting *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 89 (1998).

Subject-matter jurisdiction concerns "the power of the court to adjudicate the merits of a case," and must exist for a court to hear a particular type of case. Personal jurisdiction concerns a court's power "over the person." *Id.*, citing *State v. Parker*, 95 Ohio St.3d 524, 2002-Ohio-2833 (Cook, J., dissenting). Jurisdiction may also refer to "a court's exercise of its jurisdiction over a particular case." *Pratts* at ¶ 12. Of these, only a lack of subject-matter jurisdiction renders a court's judgment void, and can therefore "never be waived and may be challenged at any time." *Id.* at ¶ 11, citing *United States v. Cotton*, 535 U.S. 625, 630 (2002). Thus, " ' "where it is apparent from the allegations that the matter alleged is within the class of cases in which a particular court has been empowered to act, jurisdiction is present. Any subsequent error in the proceedings is only error in the 'exercise of jurisdiction,' as distinguished from the want of jurisdiction in the first instance." ' " *Id.* at ¶ 22, quoting *State v. Filiaggi*, 86 Ohio St.3d 230, 240 (1999), quoting *In re Waite,* 188 Mich.App. No. 189, 199-200 (1991).

{¶ 31} With these distinctions in mind, *Pratts* concluded that the trial court's failure to convene a three-judge panel under R.C. 2945.06 only involved the exercise of jurisdiction, reasoning as follows:

> Although R.C. 2945.06 mandates the use of a three-judge panel when a defendant is charged with a death-penalty offense and waives the right to a jury, the failure to convene such a panel does not divest a court of subject-matter jurisdiction so that a judgment rendered by a single judge is void ab initio. Instead, it constitutes an error in the court's exercise of jurisdiction over a particular case, for which there is an adequate remedy at law by way of direct appeal.

*Id.* at ¶ 24.

{¶ 32} Because the petitioner had not raised the trial court's failure to convene the three-judge panel on his direct appeal, the Supreme Court held that he had waived the issue and could not raise it in a collateral attack/habeas petition. *Id.* at ¶ 32.

{¶ 33} In *In re J.J.*, the Supreme Court again held that a party waives its ability to appeal error in the exercise of jurisdiction by failing to object before the trial court. *In re J.J.* involved a father's failure to object to a juvenile magistrate judge's order transferring a permanent custody matter to a number of visiting judges. *Id.* at ¶ 1-6. On appeal, the father "argued for the first time that the magistrate lacked authority to transfer cases to

visiting judges, that the judges lacked subject-matter jurisdiction, and that all subsequent proceedings and the court's judgment became void ab initio." *Id.* at ¶ 6. After reiterating the jurisdictional principles explained in *Pratts*, the court noted that both *Pratts* and its own prior precedent "establish the duty of a complaining party seeking review to object in the trial court and timely preserve the error for appeal and the distinction between subject-matter jurisdiction and jurisdiction over the particular case." *In re J.J.* at ¶ 10-15, citing *Pratts*. Because the magistrate's transfer order was a "procedural error" by a court that already had subject-matter jurisdiction over the case before it, the father had waived the error by not objecting in the lower court. *Id.* at ¶ 16.

{¶ 34} Relying on the jurisdictional analyses in *Pratts* and *In re J.J.*, this court rejected the state's reliance on *Thomas* to appeal an expungement order on non-specific "jurisdictional" grounds. *State v. Smith*, 10th Dist. No. 06AP-1059, 2007-Ohio-2873. In *Smith*, the state filed a motion under Civ.R. 60(B), seeking to vacate a judgment granting a defendant's expungement application four years after its entry by the trial court. The state argued that the judgment was void because, under *Thomas*, a court has no jurisdiction to seal the records of a person who is not a "first [now eligible] offender" under R.C. 2953.32. *Smith* at ¶ 11. This court noted that "the *Thomas* court's jurisdictional interpretation of R.C. 2953.32 was without the benefit of the recently announced Supreme Court cases explaining the difference between subject-matter jurisdiction and jurisdiction over a particular case," *Pratts* and *In re J.J.*, and that those cases controlled. *Smith* at ¶ 14. A trial court has subject-matter jurisdiction to hear an application for expungement under R.C. 2953.32(A) and determine whether the applicant meets the definition of a "first [now eligible] offender" under R.C. 2953.31(A). *Id.* at ¶ 15. Applying *Pratts*, the court held that:

> A subsequent finding that an applicant is not a first offender, however, does not divest the court of subject matter jurisdiction so that the expungement order is void ab initio. * * * Instead, it constitutes an error in the court's exercise of jurisdiction over a particular case, which is voidable either by way of direct appeal or pursuant to the provisions of Civ.R. 60(B).

*Smith* at ¶ 15, citing *Pratts* at ¶ 24. Because the state's motion failed to satisfy the requirements for vacating a judgment under Civ.R. 60(B), *Smith* affirmed the trial court's

decision to deny the motion. *Id.* at ¶ 18. *See also In re Bowers*, 10th Dist. No. 07AP-49, 2007-Ohio-5969, ¶ 9 (applying *Smith*'s holding that expungement "orders are voidable rather than void, and can therefore be challenged only through a direct appeal or through a motion for relief from judgment pursuant to Civ.R. 60(B)"). The Eighth District, the originator of the *Thomas* rule, expressly adopted this court's *Smith* holding and recognized that "the 30-year-old rule of *Thomas* has been superseded by a more accurate and thorough understanding of the nuances of 'jurisdiction.' " *Mayfield Heights* at ¶ 29. *But see State v. Lovelace*, 1st Dist. No. C-110715, 2012-Ohio-3797 (acknowledging *Smith* and *Mayfield Heights* but disagreeing that *Pratts* and *In re J.J.* required a re-examination of the *Thomas* holding).

{¶ 35} A court does not lack subject-matter jurisdiction over an expungement proceeding if it incorrectly determines that an applicant is an "eligible offender" under R.C. 2953.32(A)(1). *Smith* at ¶ 15. Rather, such a determination is an error in the court's exercise of its jurisdiction. This is evident from the language of the statute, which presupposes that the court hearing the expungement application has the power to do so when it instructs that "[t]he court shall * * * [d]etermine whether the applicant is an eligible offender" under the definition in R.C. 2953.31(A). R.C. 2953.32(C)(1)(a).

{¶ 36} However, the only non-waivable jurisdictional challenge is to a court's subject-matter jurisdiction. "Because subject-matter jurisdiction goes to the power of the court to adjudicate the merits of a case, it can never be waived and may be challenged at any time." *Pratts* at ¶ 11. As *Pratts* makes clear, an error in the exercise of jurisdiction may be waived if a party fails to properly object in the trial court. *Id.* at ¶ 32. The Supreme Court of Ohio reaffirmed this adherence to the waiver rule in *In re J.J.* as well, which, like this case, involved a direct appeal and a party's failure to object in the trial court. *Id.* at ¶ 16.

{¶ 37} In my view, *Pratts*, *In re J.J.*, and *Smith* have eroded *Thomas*'s vague "jurisdictional" rationale for exempting the state from the requirement of objecting in the trial court before appealing an expungement order. Unsuccessful applicants enjoy no such exemption. *See, e.g., State v. Williams*, 1st Dist. No. C-130328, 2014-Ohio-718, ¶ 4 (holding that an applicant had "waived any objection" to his out-of-state conviction "by not challenging the existence of the conviction before the trial court."). The waiver rule "is of long standing, and it goes to the heart of an adversary system of justice." *Murphy* at

532. It is a rule that should apply to both parties in expungement proceedings under R.C. 2953.32.

{¶ 38} I acknowledge that this court, in *In re Black*, 10th Dist. No. 08AP-37, 2008-Ohio-4687, appears to have extended the scope of the exception, even to the extent that the state does not waive a challenge to an expungement order after objecting and affirmatively withdrawing the objection. When applying *Pratts*, the court stated:

> In delineating the dichotomy between subject-matter jurisdiction and jurisdiction of the particular case, the Supreme Court noted four principles: "1) the statutes require strict compliance, 2) that failure to strictly comply is error in the exercise of jurisdiction, 3) that strict compliance may not be voluntarily waived and is always reversible error on direct appeal, but 4) after direct appeal any error is, in effect, waived and cannot be remedied through collateral attack." *Pratts, supra*, at ¶ 32. Accordingly, the prosecution's decision to withdraw its objection to appellee's expungement application, even if it be properly characterized as a waiver, does not waive the issue of compliance under *Pratts*.

*In re Black* at ¶ 13.

{¶ 39} *Pratts* stated these "four principles" when summarizing the holdings of several opinions analyzed by the appellate court decision that it affirmed. They apply to direct appeals and collateral attacks involving a defendant's waiver of the right to a jury trial under R.C. 2945.05 and the three-judge panel required when a defendant is charged with aggravated murder under R.C. 2945.06. They were not principles intended to apply expungement appeals. The third principle is particularly problematic, as it suggests that as long as the state frames its appeal as concerning an "issue of compliance" with the statute, waiver is impossible. *In re Black* at ¶ 13. This would swallow the waiver rule entirely, which is not consonant with the holding in *Smith*.

{¶ 40} Finally, I disagree with the majority's conclusion that A.H.'s convictions did not qualify as one conviction under R.C. 2953.31 because the definition of an "official proceeding" under R.C. 2921.01(D) requires all convictions and sentencings to occur before the same judge. Judge Sheeran found that "but for a technicality of the local rules involving * * * the manner in which the codefendants were indicted, these cases all would have been in front of me." (Apr. 30, 2015 Tr. at 25.) Even the prosecutor conceded that A.H.'s third case "should have never" gone to a different judge. (Apr. 30, 2015 Tr. at 7.)

The trial court did not err. Only a ministerial irregularity that A.H. was helpless to prevent or correct prevented her from appearing before Judge Sheeran in the same "official proceeding."

{¶ 41} In this case in particular, the majority's strict reading violates the principle that "the remedial expungement provisions of R.C. 2953.32 and 2953.33 must be liberally construed to promote their purposes." *State ex rel. Gains v. Rossi*, 86 Ohio St.3d 620, 622 (1999), citing R.C. 1.11. Judge Sheeran applied this principle when he "look[ed] at the intent of the law," and found that "[t]he presumption is overwhelming that this is the same course of conduct." (Apr. 30, 2015 Tr. at 7.) I would defer to the trial court's determination, which accords with the proper construction of a remedial law, over the technical construction applied by the majority. For the foregoing reasons, I respectfully dissent.

_____