[Cite as *State v. Williams*, 2014-Ohio-718.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NOS. C-130328 |
| | | C-130329 |
| Plaintiff-Appellee, | : | TRIAL NOS. B-0406634 |
| | | 01CRB-37180 |
| vs. | : | |
| | | *O P I N I O N.* |
| THOMAS WILLIAMS, | : | |
| Defendant-Appellant. | : | |

Criminal Appeals From: Hamilton County Court of Common Pleas and
                            Hamilton County Municipal Court

Judgments Appealed From Are: Affirmed

Date of Judgment Entry on Appeal:  February 28, 2014

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Scott M. Heenan*,
Assistant Prosecuting Attorney, for Plaintiff-Appellee State of Ohio,

 *John P. Curp*, City Solicitor, *Charles Rubenstein*, City Prosecutor, and *Christopher
Liu*, Assistant City Prosecutor, for Plaintiff-Appellee City of Cincinnati,

*George Parker*, for Defendant-Appellant.

Please note:  this case has been removed from the accelerated calendar.

**DEWINE, Judge.**

{¶1}    Thomas Williams sought to expunge convictions for possession of cocaine and selling alcohol to minors from his record in two separate proceedings, one in common pleas court and one in municipal court.  Both trial courts denied his request, concluding that he was ineligible for expungement.  Ohio law limits eligibility for expungement to offenders who have no more than one felony conviction and one misdemeanor conviction.  The courts below found Mr. Williams ineligible because he had one felony conviction and two misdemeanor convictions.  Mr. Williams challenges these determinations in these appeals, which we have sua sponte consolidated for purposes of our opinion.  We find no merit to his arguments and affirm the judgments.

### Two Trial Courts Deny Mr. Williams's Expungement Applications

{¶2}    In the case numbered C-130328, Mr. Williams sought to expunge his conviction for possession of cocaine.  The state objected to the application, contending that in addition to the possession conviction, Mr. Williams had misdemeanor convictions for selling alcohol to minors, operating a vehicle while intoxicated ("OVI"), and underaged drinking.  At the hearing on his application, Mr. Williams argued that the OVI, which occurred in Kentucky, and the underaged-drinking conviction did not count as convictions for purposes of determining eligibility for expungement.  The common pleas court concluded that due to his OVI conviction, in addition to the convictions for possession and selling alcohol to minors, Mr. Williams was not eligible for expungement.

{¶3}    The municipal court reached a similar conclusion in the case numbered C-130329, denying his application to expunge his conviction for sale of alcohol to minors.  At the hearing below, Mr. Williams acknowledged that he had a Kentucky OVI,

but argued that the conviction was excluded from the definition of "conviction" under R.C. 2953.32(A). He also argued that his conviction in 1999 was for a minor misdemeanor. For purposes of the expungement statute, minor misdemeanors are not considered convictions. R.C. 2953.32(A). The trial court concluded that Mr. Williams's conviction in 1999 for underaged drinking was a misdemeanor, and that therefore Mr. Williams was ineligible for expungement.

## The Common Pleas Court Decision

{¶4} We turn first to the common pleas court's decision. In his sole assignment of error appealing that decision, Mr. Williams asserts that the court erred in finding him ineligible for expungement based upon the Kentucky OVI. During oral argument before this court, Mr. Williams suggested for the first time that the state had offered no evidence below in support of its allegation that he had been convicted of OVI in Kentucky. But at the hearing before the common pleas court, Mr. Williams did not dispute the existence of the conviction. Rather, he argued "that the action in Kentucky doesn't meet the statutory definition in Ohio to prohibit the Court from considering the sealing of the record of this felony." Ohio appellate courts have disagreed about which party has the burden either to prove or disprove an offender's eligibility for expungement. *Compare State v. Reed*, 10th Dist. Franklin No. 05AP-335, 2005-Ohio-6251, ¶ 13 ("There is no burden upon the state other than to object to an application for expungement where appropriate.") *with State v. Davis*, 8th Dist. Cuyahoga No. 84470, 2005-Ohio-188, ¶ 86 ("[I]t is the state, not defendant, which bears the burden of proving that a defendant is not a first offender."). We need not address whether the state had the burden to prove Mr. Williams had an OVI conviction in Kentucky because Mr. Williams

3

waived any objection by not challenging the existence of the conviction before the trial court.

{¶5}    The issue that Mr. Williams did preserve for our review is whether an OVI in Kentucky is excluded from the definition of conviction for purposes of determining whether an offender is eligible for expungement.  R.C. 2953.32(A) provides that "an eligible offender" may apply to have his convictions sealed.  An "eligible offender" is defined as "anyone who has been convicted of an offense in this state * * * and who has * * * not more than one felony conviction and one misdemeanor conviction in this state or any other jurisdiction."  R.C. 2953.31(A).  Mr. Williams concedes that he has one felony conviction (possession of cocaine) and one misdemeanor conviction (selling alcohol to minors).  He argues, however, that his Kentucky OVI does not count as a conviction for purposes of the statute.  As we explain, this argument reflects a fundamental misreading of the statutory scheme.

{¶6}    The statute first excludes minor misdemeanors and traffic convictions from the definition of "conviction" for purposes of determining an offender's eligibility:

> [A] conviction for a minor misdemeanor, for a violation of any section of Chapter 4507., 4510., 4511., 4513., or 4549. of the Revised Code, or for a violation of a municipal ordinance that is substantially similar to any section in those chapters is not a conviction.

R.C. 2953.31(A).  We will refer to this sentence as the "Exclusionary Sentence."

{¶7}    Next, the statute creates an exception to the Exclusionary Sentence.  It places back within the definition of conviction certain enumerated Ohio traffic offenses that would otherwise be excluded from the definition of conviction because they fall within the five chapters of the Revised Code identified in the Exclusionary Sentence:

4

However, a conviction for a violation of section 4511.19 [OVI], 4511.251 [street racing], 4549.02, 4549.021, 4549.03 [failure to stop after an accident], 4549.042 [motor vehicle master key violation], or 4549.62 [tampering with vehicle identification numbers] * * * shall be considered a conviction.

We will refer to this sentence as the Exception Sentence.

{¶8} Mr. Williams argues that because the Exception Sentence cited above includes only Ohio code sections, his Kentucky OVI conviction must not be considered a conviction for purposes of R.C. 2953.31. What he ignores, however, is that this Exception Sentence only applies as an exception to the Exclusionary Sentence. The Exception Sentence does not apply in this case because his Kentucky conviction was not first excluded from the definition of conviction by the Exclusionary Sentence.

{¶9} Of course, the Exclusionary Sentence would exclude his Kentucky conviction if the offense was a "conviction for a minor misdemeanor."[1] Kentucky law does not include a designation for "minor misdemeanor." *See* Ky.Rev.Stat.Ann. 431.060. Thus, we must determine whether Mr. Williams's OVI conviction is equivalent to a minor misdemeanor in Ohio. To do so, we must compare the Kentucky OVI penalties to Ohio's minor misdemeanor penalties. *State v. Detskas*, 2d Dist. Montgomery No. 23794, 2010-Ohio-4392, ¶ 4. Ohio defines a minor misdemeanor as "[a]ny offense not specifically classified [as a felony or misdemeanor] * * * if the only penalty that may be imposed is one of the following: * * * a fine not exceeding one hundred fifty dollars, community service under division (C) of section 2929.27 of the

---

[1] In this case, we are not confronted with a situation where a defendant's out-of-state conviction was not a minor misdemeanor but was substantially similar to an Ohio traffic offense that was not considered a "conviction" for expungement purposes under the statutory scheme. As evidenced by the Exception Sentence, the Ohio legislature plainly intended for an OVI conviction to count as a conviction for purposes of the expungement statute.

Revised Code, or a financial sanction other than a fine under section 2929.28 of the Revised Code." R.C. 2901.02(G). Under Kentucky law, the minimum penalty for an OVI is a fine "not less than two hundred dollars * * * or [imprisonment] in the county jail for not less than forty-eight (48) hours * * * or both." Ky.Rev.Stat.Ann. 189A.010(5)(a). Based on these minimum penalties, the Kentucky OVI is of a greater degree than an Ohio minor misdemeanor. Thus, the conviction is not excluded as a minor misdemeanor from the definition of "conviction" for purposes of R.C. 2953.31(A). The common pleas court did not err when it denied Mr. Williams's application for expungement based on his Kentucky OVI conviction.

### The Municipal Court Decision

{¶10}   In the brief in support of his appeal of the municipal court's decision, Mr. Williams again asserts that the court erred in finding he was ineligible for expungement based upon the Kentucky OVI. But it is clear from the record that the municipal court determined that Mr. Williams was ineligible due to his conviction for underaged drinking in 1999, so we recast his assignment of error in the municipal appeal to reflect the argument made regarding that conviction.

{¶11}   Mr. Williams's argument below regarding his application to expunge his conviction for selling alcohol to minors was that his 1999 conviction was for a minor misdemeanor, rather than a misdemeanor. The judge's sheet from the 1999 municipal court conviction indicates that Mr. Williams was charged with underaged drinking in violation of R.C. 4301.632. According to the sheet, Mr. Williams pleaded no contest and was found guilty, and the court imposed a fine of $100. In considering Mr. Williams's application, the trial court reviewed the judge's sheet, researched the offense, and determined that a violation of R.C. 4301.632 was a misdemeanor in 1999.

6

{¶12}  Mr. Williams now argues that the judge's sheet indicates that he was convicted for a minor misdemeanor.  He points to a stamp on the sheet that references R.C. 4301.62, which prohibits violations of Ohio's open-container law.  The stamp appears to have been added by the office of the Hamilton County Clerk of Courts to record Mr. Williams's payment of his fine and costs three weeks after he was found guilty.  The original caption on the judge's sheet, which indicates that Mr. Williams was charged with a violation of R.C. 4301.632 (underaged drinking), was not altered.  During the hearing before the trial court, Mr. Williams did not dispute that he had been convicted of underaged drinking.  The apparent discrepancy with the stamp was not brought to the court's attention.  The finding that Mr. Williams had been convicted of misdemeanor underaged drinking in 1999 was supported by the evidence before the court and will not be disturbed on appeal.  In light of its finding, the trial court properly determined that Mr. Williams was ineligible for expungement.

{¶13}  We overrule Mr. Williams's assignments of error.  The judgments are affirmed.

Judgments affirmed.

**DINKELACKER, P.J.,** and **FISCHER, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.